MANCINI ET AL., APPELLANTS, *v.*
GORICK ET AL., APPELLEES.

(No. 13019—Decided
August 26, 1987.)

*Edward J. Riegler,* for appellants.
*Parke G. Thompson,* for appellees.

CACIOPPO, J. Plaintiffs-appellants, Eugene R. and Roberta Mancini, appeal the order of the trial court granting summary judgment to defendants-appellees, William J. and Margaret Gorick.

On June 1, 1979, Eugene Mancini purchased the residence known as 515 Parkside Drive, Akron, Ohio, from the Goricks, who resided in the home. William Gorick was the architect and general contractor of the house when it was built in 1955, and informed the Mancinis of this fact before the contract was signed. In April 1984, the Mancinis wanted to sell the property. They obtained a buyer who hired an inspector to examine the property for defects.

The inspector hired by the potential buyer discovered that the rafters supporting the roof were of an improper size and not adequately supported. As a result of this discovery the buyer decided not to make the purchase.

The Mancinis filed a complaint against the Goricks, the city of Akron, and various named and unnamed city officials. The complaint contained three causes of action. Count one alleged negligent construction of the home on behalf of the Goricks. Count two alleged fraud by reason of the Goricks' failure to disclose the roof's structural defects. Count three alleged negligence against the city and its agents for failure to properly inspect the premises.

The city and its agents filed a motion to dismiss that part of the complaint alleging negligence on their behalf. The trial court granted the motion and dismissed these defendants from the lawsuit. The Mancinis do not appeal this order of the trial court.

After the city and its various officials were dismissed from the suit, the Goricks filed their motion for summary judgment. The Mancinis filed a brief in opposition. The trial court granted the Goricks' motion.

### Assignment of Error

"The trial court erred in granting defendants-appellees' motion for summary judgment because there is a genuine issue of material fact which a jury should decide."

Civ. R. 56(C) recites in pertinent part that:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

The parties to the instant case entered into a real estate purchase agreement which contained the following clause:

"8. INSPECTION: Buyer agrees to purchase the property in its present condition * * *[,] except as herein expressly set forth[,] and acknowledges that he has examined the same and signed this agreement as a result of said examination and not upon representations made by seller['s] Realtor and Co-Realtor or any agent or salesman. This instrument contains the entire agreement between the parties and no representation, promises, provisions, terms, warranties, conditions or obligations whatsoever expressed or implied other than herein set forth shall be binding upon buyer, seller or Realtor. It is mutually agreed that Realtor and Co-Realtor shall not be held liable for any defaults arising from any acts or omissions by or upon the part of seller or buyer. However, purchaser shall have and be given reasonable access to the property for a period of 14 days following the date this agreement was accepted for any licensed contractor retained by him or her to inspect the condition of the premises, including the plumbing, heating, and electrical systems. In the event the licensed contractor determines within the 14-day period that such systems or appliances are not in good working order, seller shall have the option to either cancel this agreement or to correct the defects in such systems or appliances. Failure of purchaser to cause such inspection or inspections to be made within such 14-day period shall constitute a waiver on the part of purchaser of all defects that such inspection might have disclosed and an acceptance of the property by purchaser in an 'as is' condition."

The Mancinis never took advantage of the fourteen-day inspection provision contained in the above clause.

The Goricks contend that summary judgment was proper under this court's decision in *Kaye* v. *Buehrle* (1983), 8 Ohio App. 3d 381, 8 OBR 495, 457 N.E. 2d 373, where we found that an "as is" clause in a real estate contract bars a claim for fraudulent nondisclosure. The facts in the instant case, however, are readily distinguishable from those in *Kaye*. One of the sellers in the case *sub judice* was also the architect/engineer who constructed the house which did not meet the standards of the building code in effect at the time.

Although a claim of nondisclosure will not overcome an "as is" clause, a claim of fraudulent concealment will. *Kaye, supra,* at 383, 8 OBR at 497, 457 N.E. 2d at 376. Nondisclosure will become the equivalent of fraudulent concealment when it becomes the duty of a person to speak in order that the party with whom he is dealing may be placed on an equal footing with him. 50 Ohio Jurisprudence 3d (1984) 431, Fraud and Deceit, Section 78. The duty to speak does not necessarily depend on the existence of a fiduciary relationship. *Central States Stamping Co.* v. *Terminal Equipment Co.* (C.A. 6, 1984), 727 F. 2d 1405, 1409. "* * * It may arise in any situation where one party imposes confidence in the other because of that person's position, and

the other party knows of this confidence. * * *" *Id.* In the instant case, William Gorick told Eugene Mancini that he was an architectural engineer and had personally designed and built the house. Mancini claimed that he did not have the house inspected because he relied on Gorick's professional expertise in believing the house to have been constructed in a workmanlike manner, free of latent defects.

Because of William Gorick's position as not only seller, but architect/engineer as well, it is a question of fact as to whether the Mancinis' confidence in what Gorick implied was reasonable and sufficient to nullify the effect of the "as is" clause. As such, summary judgment was inappropriate and the judgment below is hereby reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*amd cause remanded.*

QUILLIN, P.J., and GEORGE, J., concur.