DECISION AND JUDGMENT ENTRY
This is an appeal from a Chillicothe Municipal Court judgment in favor of Raymond Evans and Connie Evans, plaintiffs below and appellees herein. The trial court concluded that William Baker and Shirley Baker, defendants below and appellants herein, had fraudulently misrepresented the condition of the home they sold to appellees.
Appellants raise the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S FINDING THAT CAVEAT EMPTOR DOES NOT BAR PLAINTIFFS' RECOVERY BECAUSE THE CONDITION OF THE BASEMENT WAS NOT DISCOVERABLE UPON A REASONABLE INSPECTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S FINDING THAT CAVEAT EMPTOR DOES NOT BAR PLAINTIFFS' RECOVERY BECAUSE THE DEFENDANTS' [SIC] COMMITTED FRAUD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Our review of the record reveals the following relevant facts. In September of 1997, appellees purchased a residence from appellants. Part of the agreement between the parties provided that the property was sold in "its present physical condition."
Prior to reaching the agreement, appellees visited and inspected the property on several occasions. Appellees noticed that the basement walls appeared to be freshly painted and that some dampness existed around the water storage tank. Appellees did not, however, notice any signs of water damage. Appellees asked appellants several times if the basement had any water problems. Appellants informed appellees that the basement was dry and had no problems.
Before signing the purchase agreement, appellants provided appellees with a property disclosure form in which appellants stated that they did not know of any current water leakage or accumulation, excess dampness, or other defect with the basement.
During the first rain following the time when appellees took possession of the property, appellees noticed water coming into the basement.
On June 12, 1998, appellees filed a complaint alleging that appellants misrepresented the condition of the basement.[1]
Appellees asserted that appellants failed to disclose that the basement had water problems. On July 15, 1998, appellants denied liability.
On April 19, 1999, the trial court held a bench trial. Mr. Evans testified that during the inspections of the residence, he noticed some dampness in one basement corner near a storage tank and piping. Evans stated that he also noticed a sump pump. Evans asked Baker about the dampness and Baker replied that the condensation on the pipes caused the dampness. Evans also noticed that the basement walls looked freshly painted. Evans further stated that he did not notice any accumulations of water in the basement. On at least two separate occasions, Evans asked Baker if the basement was dry and Baker stated that the basement did not have any problems.
Mrs. Evans testified that on the occasions she visited the residence, she inquired of Baker whether the basement had any water problems. Baker consistently responded that the basement had no problems. Mrs. Evans stated that during her inspection of the basement, she noticed some indications of rust in the basement.
Mr. Baker testified that their basement had water problems when it rained and that he informed appellees that they might experience water problems during a heavier rain.
On June 18, 1999, the trial court entered judgment in favor of appellees with respect to their claim that appellants fraudulently misrepresented the condition of the basement. The trial court, concluding that the doctrine of caveat emptor did not preclude appellees' cause of action, noted that: (1) the water in the basement was not open to observation or discoverable upon reasonable inspection; and (2) appellants acted fraudulently. Appellants filed a timely notice of appeal
Appellants two assignments of error are interrelated. We will therefore address the assignments of error together. In their first and second assignments of error, appellants contend that the trial court erred by concluding that the doctrine of caveatemptor did not preclude appellees' cause of action. In particular, appellants assert that the trial court's findings that the condition of the basement was not discoverable upon a reasonable inspection and that appellants fraudulently misrepresented the condition of the basement are against the manifest weight of the evidence. Appellants argue that appellees' knowledge that the basement had a sump pump, that the residence was partially situated on a hill, and that an area of condensation existed around the water storage tank and piping required appellees to conduct further inquiry into whether the basement had water problems. Appellants contend that such knowledge would have put a reasonably prudent person on notice of possible water problems and that a reasonable person would have had a professional inspection of the basement for water problems. Appellants further assert that because the residential property disclosure report recommended that appellees obtain a professional inspection, appellees should have done so.
Appellants also assert that the trial court's finding of fraud is against the manifest weight of the evidence. Appellants argue that the contract provision stating that the buyers are purchasing the property in "its present condition" absolved appellants of any duty to disclose defects. Moreover, appellants argue that the weight of the evidence does not demonstrate that appellees justifiably relied on the alleged misstatement that the basement did not have water problems. Appellants note that appellees knew that the basement had a sump pump, that the house was situated on a hill, and that condensation was present around the water storage tank. Thus, appellants argue that appellees should have been aware of potential water problems and could not have justifiably relied upon Mr. Baker's statement that the basement did not have any water problems.[2]
Appellees argue that the trial court's judgment is not against the manifest weight of the evidence. Appellees assert that the trial court properly determined that the water problems were not discoverable upon a reasonable inspection. Appellees note that the trial court specifically found that the fresh coat of paint covered any evidence of water damage. Moreover, appellees dispute appellants' claim that the presence of a sump pump somehow should have put them on notice of potential water problems. Appellees note that Mr. Baker testified at trial that he installed the sump pump to help control the condensation that the air conditioner produced and not to combat water seepage during rain storms. Moreover, appellees assert that an "as is" clause does not bar recovery when the seller engaged in fraud.
Initially, we note that judgments supported by competent, credible evidence will not be reversed. See Vogel v. Wells
(1991), 57 Ohio St.3d 91, 566 N.E.2d 154; Ross v. Ross (1980),64 Ohio St.2d 203, 414 N.E.2d 426; C.E. Morris v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not reweigh the evidence. Seasons Coal, 10 Ohio St.3d at 79-80,461 N.E.2d at 1276. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. As the court stated in Seasons Coal, 10 Ohio St.3d at 80,461 N.E.2d at 1276:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
Generally, the doctrine of caveat emptor bars a purchaser of real estate from seeking recovery from the seller for structural defects in the real estate. As the court stated in Layman v.Binns (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus:
 "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."
Thus, the doctrine will not bar an action for a real estate defect if the buyer demonstrates that: (1) the complained of condition is latent or is not discoverable upon a reasonable inspection; (2) the buyer did not have an unimpeded opportunity to examine the premises; or (3) the seller acted fraudulently.
We note that the doctrine does not preclude a buyer from recovering from all defects. Rather, the doctrine precludes buyers from recovering for patent, as opposed to latent, defects. Id. at 177; see, also, Barr v. Wolfe (2000), Lawrence App. No. 99 CA 17, unreported; Moody v. Blower (Apr. 19, 1999), Athens App. No. 98 CA 28, unreported. Were the rule otherwise, "nearly every sale would invite litigation instituted by a disappointed buyer."Id. Whether a defect is open and obvious is a question of fact.Petta v. Clarke (Jan. 15, 1997), Lorain App. No. 96 CA 6327, unreported.
In the case at bar, the record amply supports the trial court's conclusion that the water problem was not open and obvious and was not discoverable upon a reasonable inspection. Appellees both testified that they noticed no visible signs of water damage. At trial, appellees' realtor did not express any specific concern regarding the condition of the basement, except to state that she was somewhat concerned about termites. She did not state that she noticed any water damage. Appellees testified that they examined the basement and did not see anything to alert them to the possibility of water seepage during a rain storm. Appellees asked appellants whether any water problems existed, and appellants responded negatively. Appellees noticed nothing out of the ordinary that should have given them notice of water problems.
Additionally, we note that a reasonable inspection does not necessarily encompass hiring a professional inspector to examine the premises. A reasonable inspection might include hiring a professional inspector if the buyer is put on notice of a potential problem and fails to investigate further. As the court stated in Tipton v. Nuzum (1992), 84 Ohio App.3d 33, 38,616 N.E.2d 265, 268-69:
 "Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner who is under a duty not to engage in fraud, or (2) seek the advice of someone with sufficient knowledge to appraise the defect."
In the case at bar, assuming, arguendo, that appellees' knowledge that the basement contained a sump pump and that the residence sat close to a hill gave rise to a duty to investigate further, we do not believe that appellees failed to comply with that duty.[3] Appellees inquired of appellants as to the condition of the basement and, as discussed below, the trial court found that appellants engaged in fraud. Appellees repeatedly asked appellants whether the basement had water problems, and appellants repeatedly responded that the basement did not have any problems.[4] Thus, appellants, by affirmatively misrepresenting the condition of the basement, engaged in fraud. Contrary to appellants' argument, we believe that appellees fulfilled the duty that Tipton imposes upon buyers who become aware of a potential defect in a residence.
Moreover, Tipton is readily distinguishable from the case at bar. In Tipton, the purchasers were aware that the basement contained a sump pump and that the house was situated below a hill. The purchasers easily could have observed the newer concrete surrounding the perimeter of the basement and the plastic substance that had been applied to the walls, but the purchasers claimed that the basement was poorly lit. The purchasers never specifically asked anyone about the condition of the basement. See Tipton, 84 Ohio App.3d at 38,616 N.E.2d at 269. Given the foregoing circumstances, the court of appeals concluded that the purchasers should have further inquired of the owners or should have employed a professional inspector. Thus, inTipton the court concluded that the doctrine of caveat emptor barred the purchasers claim.
Unlike Tipton, however, in the case at bar appellees repeatedly asked appellants about the condition of the basement. Nothing alerted appellees to the possibility that the basement may have water seepage or prior damage. Thus, we believe that appellees fulfilled their duty of inquiry when they questioned appellees and received negative responses.
Assuming, arguendo, 5that the condition of the basement was discoverable upon a reasonable inspection, because appellants engaged in fraud, appellees continue to avoid application of the doctrine. See Layman, supra. Initially, we note that we do not agree with appellants' proposition that the existence of the "in its present physical condition" clause absolves appellants of liability. Generally, an "as is"[5] clause in a real estate sales contract relieves the seller "of any duty to disclose that the property was in a defective condition." Kaye v. Buehrle
(1983), 8 Ohio App.3d 381, 457 N.E.2d 373, paragraph one of the syllabus. An "as is" clause does not, however, protect a seller who positively misrepresents or conceals the complained of condition. See Eiland v. Coldwell Banker Hunter Realty (1997),122 Ohio App.3d 446, 457, 702 N.E.2d 116, 123. "An `as is' clause cannot be relied on to bar a claim for fraudulent misrepresentation or fraudulent concealment." Kaye, paragraph two of the syllabus.
Thus, while the seller may not have a duty to disclose a defective condition, the seller may not take affirmative steps to misrepresent or conceal the condition.
In order to establish a cause of action for fraudulent misrepresentation, the plaintiff must prove the following: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus; see, also, Eiland, 122 Ohio App.3d at 457,702 N.E.2d at 123. In the case at bar, we believe that the record supports the trial court's conclusion that appellants fraudulently misrepresented the condition of the basement. Appellants represented that the basement was dry and had no problems. Because appellees stated that they wanted the home they ultimately purchased to have a dry basement, the concealed fact was unquestionably material to the real estate transaction. Additionally, appellants knew that the representation was false.[6] As the trial court found, appellants' conduct of freshly painting the basement leads to a reasonable inference that appellants intended to mislead appellees into relying upon the false representation. Because appellees did not notice any conditions in the basement that would have caused a reasonable person to question the veracity of the representation that the basement did not have any water problems, appellees justifiably relied upon appellants' representation. Finally, appellees suffered damages as a proximate result of their reliance. The cost to repair the basement is several thousand dollars. Consequently, the trial court correctly concluded that the doctrine of caveat emptor does not bar appellees' cause of action and the trial court's judgment is not against the manifest weight of the evidence.
Accordingly, based upon the foregoing reasons we overrule appellants' two assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] Appellees' complaint also alleged that appellants misrepresented other conditions of the residence. The trial court found in favor of appellants on the other claims and no issues are raised on appeal with respect to the other claims.
[2] Appellants note that Mr. Baker testified that he had informed appellees that the basement had some water seepage during heavier rain. The trial court, however, did not find Mr. Baker's testimony credible. We will not second-guess the trial court. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273, 1276. Moreover, we note that on the standard residential property disclosure form, Mr. Baker answered "no" to the following question: "Do you know of any current water leakage, water accumulation, excess dampness or other defect with the basement/crawl space?"
[3] In Tipton, 84 Ohio App.3d at 38, 616 N.E.2d at 268, the court stated that "the existence of a sump pump and the fact that a hill slopes toward the house should put a buyer on notice of a potential water problem in a basement."
[4] We note that appellants contend that they had informed appellees of the water seepage, but that the trial court discredited appellants' testimony.
[5] We note that courts generally treat an "in its present physical condition" clause the same as an "as is" clause. See,e.g., Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 471,706 N.E.2d 438, 439, 440.
[6] We again note that appellants deny that they failed to inform appellees of the water problems in the basement, but that the trial court discredited appellants' testimony.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.