**BREWER, Appellant,**

v.

**BROTHERS et al., Appellees.**

[Cite as *Brewer v. Brothers* (1992), 82 Ohio App.3d 148.]

Court of Appeals of Ohio,
Warren County.

No. CA91–11–091.

Decided Aug. 31, 1992.

*Blake O. Brewer, pro se.*

*Kaufman & Florence* and *Mark Florence,* for appellees.

---

KOEHLER, Presiding Judge.

Plaintiff-appellant, Blake O. Brewer, appeals a decision of the Warren County Court of Common Pleas in favor of defendants-appellees, Paul A. and Barbara Brothers ("the Brotherses").

On September 20, 1990, Brewer filed a complaint against the Brotherses alleging breach of contract, fraudulent misrepresentation and negligent construction in connection with the Brotherses' sale of a residence to Brewer. Specifically, Brewer complained that the Brotherses had failed to replace windows as required by the contract and had misrepresented the quality of the electrical system, which was defective.

The case was tried to the court on September 12, 1991. The evidence showed that the parties entered into a contract on January 23, 1990 for the sale of real estate located at 143 Maple Street, Harveysburg, Ohio. The contract stated that "Purchaser has examined the Property and, except as otherwise provided in the Contract, is purchasing it 'as is' in its present condition, relying upon such examination as to the condition, character, size, utility and zoning of the Property." The parties also signed an "inspection addendum" stating that Brewer had the right to have various inspections done on the residence during a specified time period. The addendum stated that "[f]ailure to notify seller of any defects before expiration of the inspection period, shall constitute a waiver of such defects and purchasers shall take the property 'as is' with respect to such defects."

The deed to the property was in Barbara Brothers' name. The Brotherses lived in the residence for several years prior to the sale. Paul Brothers is a builder who did extensive work on the house prior to offering it for sale, including rewiring the electrical system.

The Brotherses showed the house to Brewer on two occasions. On each of these occasions, Brewer was accompanied by Keith Cowden, a real estate agent. Brewer and Cowden both testified that Paul Brothers made extensive references to the quality of the work he had done throughout the house. Cowden testified that when Paul Brothers was specifically asked about the electrical work, he stated, "You have nothing to worry about." Brewer testified that he specifically relied upon Paul Brothers' representations regarding the electrical system in choosing not to have an electrical inspection done. Brewer had other inspections done because there were evident defects.

After the sale, Brewer discovered extensive problems with the electrical work. Two electricians testified that the electrical system was defective, that it was a fire hazard, and that it violated numerous provisions of the Warren County Electrical Code and the National Electrical Code. They also testified that these defects would not be evident to a lay person. Brewer had the electrical system fixed at a cost of $2,102.49.

Paul Brothers denied making any representations to Brewer regarding the quality of the work done. He claimed to have obtained an electrical permit for the work done, although Brewer presented testimony the permit was only a

"certificate of occupancy." Paul Brothers conceded that the agreement was breached in regard to the windows and agreed to pay damages to Brewer on that issue.

The trial court dismissed the negligent construction claim, concluding that there was no evidence to show that the Brotherses had a duty of ordinary care towards Brewer or that they breached that duty. The court awarded Brewer $1,269.01 for the breach of contract claim with regard to the windows. With regard to the fraudulent misrepresentation claim, the court found in favor of the Brotherses, stating:

"As to the electrical system, the Court finds that at the time of the instant transaction the electrical system in this residence was defective. We further find that the Defendant Paul A. Brothers misrepresented the condition of the electrical system to the Plaintiff. However, in light of the 'Inspection Addendum' to the Contract to Purchase, the Court cannot find that the Plaintiff relied upon any misrepresentations by the Defendants. The Plaintiff had the opportunity to have the electrical system thoroughly inspected by a qualified inspector, but did not so [sic] so. Consequently, under the terms of the Addendum, the defect is waived.

"Further, there is complete absence of any evidence to show the extent, in money, of any damage suffered by the Plaintiff as the result of said defect."

This appeal followed.

Brewer presents three assignments of error for review. In his first assignment of error, he states that the trial court erred "in finding that a standard 'inspection addendum' to a contract to purchase real estate precluded recovery when the sellers engaged in fraud." He argues that an "as is" clause does not bar a claim for fraudulent misrepresentation. We find this assignment of error to be well taken.

In Ohio, a seller may be liable for nondisclosure of a latent defect where the seller is under a duty to disclose facts and fails to do so. *Miles v. McSwegin* (1979), 58 Ohio St.2d 97, 100–101, 12 O.O.3d 108, 110–111, 388 N.E.2d 1367, 1369–1370. An "as is" clause in a real estate contract places the risk upon the purchaser as to the existence of defects. It relieves the seller of any duty to disclose. *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 382–383, 8 OBR 495, 495–497, 457 N.E.2d 373, 375–376. However, an "as is" clause does not bar a claim for "positive" fraud, a fraud of commission rather than omission. An "as is" clause cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent concealment. *Mancini v. Gorick* (1987), 41 Ohio App.3d 373, 374, 536 N.E.2d 8, 9; *Kaye, supra,* 8 Ohio App.3d at 383, 8 OBR at 497, 457 N.E.2d at 376. Accord *Szeman v. Williams* (Mar.

30, 1992), Greene App. No. 90–CA–129, unreported, 1992 WL 66362; *Massa v. Genco* (Mar. 1, 1991), Lake App. No. 89–L–14–162, unreported, 1991 WL 26761; *Kossutich v. Krann* (Aug. 16, 1990), Cuyahoga App. No. 57255, unreported, 1990 WL 118705.

■ In *Mancini, supra*, Eugene and Roberta Mancini purchased a residence from William and Margaret Gorick, who resided in the home. William Gorick informed the Mancinis that he was the architect and general contractor of the house. Later, the Mancinis discovered that the roof had structural defects. They filed a complaint against the Goricks, alleging among other things that the Goricks committed fraud by failing to disclose the roof's defects. The trial court granted summary judgment in favor of the Goricks. On appeal, the Summit County Court of Appeals reversed the trial court, rejecting the Goricks' argument that an inspection addendum, similar to the one in the present case, barred the Mancinis' claim. The court stated:

"Although a claim of nondisclosure will not overcome an 'as is' clause, a claim of fraudulent concealment will. * * * Nondisclosure will become the equivalent of fraudulent concealment when it becomes the duty of a person to speak in order that the party with whom he is dealing may be placed on an equal footing with him. * * * The duty to speak does not necessarily depend on the existence of a fiduciary relationship. * * * ' * * * It may arise in any situation where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence. * * * ' * * * In the instant case, William Gorick told Eugene Mancini that he was an architectural engineer and had personally designed and built the house. Mancini claimed that he did not have the house inspected because he relied on Gorick's professional expertise in believing the house to have been constructed in a workmanlike manner, free of latent defects." (Citations omitted.) *Id.*, 41 Ohio App.3d at 374–375, 536 N.E.2d at 9–10.

In a similar vein, courts have concluded that the buyer's duty to inspect the premises to discover defects terminates when representations are made with respect to a material fact in response to a buyer's direct inquiry. *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App.3d 164, 166, 4 OBR 264, 266, 446 N.E.2d 1122, 1126; *Kossutich, supra*, at 6–7; *Cox v. Qualkenbush* (Aug. 12, 1987), Hancock App. No. 5–85–32, unreported, 1987 WL 15790.

■ In the present case, the trial court concluded that Paul Brothers misrepresented the condition of the electrical system. Brewer had a right to rely upon Paul Brothers' representation since Brothers had superior knowledge regarding the electrical system. At the time the representation was made, Brewer's duty to inspect terminated and the Brotherses cannot now hide behind an "as is" clause or an inspection addendum to avoid liability for a

fraudulent misrepresentation. Accordingly, we hold that the trial court erred in finding that the defect was waived due to the inspection addendum to the contract.

The Brotherses rely on the doctrine of caveat emptor, which is applicable in real estate transactions. *Said v. Steger* (June 17, 1991), Clermont App. No. CA90–10–107, unreported, 1991 WL 106025; *Shade v. Bevis* (Dec. 29, 1989), Butler App. No. CA89–06–083, unreported, 1989 WL 157166. In *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus, the Ohio Supreme Court stated:

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for structural defects in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."

We do not find this doctrine to be applicable to the present case. Brewer's two expert witnesses testified that the defects were not open to observation and could not have been discovered by the average lay person. Further, as we have previously stated, the buyer's duty to inspect terminates when the seller or its agent responds to the buyer's inquiry as to a specific condition, thereby precluding application of the doctrine of caveat emptor. *Tucker v. Kritzer* (1988), 54 Ohio App.3d 196, 561 N.E.2d 1033; *Foust, supra*, 4 Ohio App.3d at 167, 4 OBR at 267, 446 N.E.2d at 1126; *Crider v. Treft* (Mar. 12, 1992), Allen App. No. 1–91–44, unreported, 1992 WL 52755. However, the trial court has yet to make a determination on whether the misrepresentation in this case amounts to fraud.

An action for fraudulent misrepresentation requires proof of (1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 73, 23 OBR 200, 203, 491 N.E.2d 1101, 1105; *Klott v. Assoc. Real Estate* (1974), 41 Ohio App.2d 118, 120–121, 70 O.O.2d 129, 130–131, 322 N.E.2d 690, 691–692. See, also, *Pumphrey v. Quillen* (1956), 165 Ohio St. 343, 59 O.O. 460, 135 N.E.2d 328. In the present case, the trial court concluded that there was a misrepresentation. However, it made no specific findings on the other elements of fraudulent misrepresentation because it determined that the inspection addendum controlled the case. Therefore, we sustain Brewer's first assignment of error and remand the case for the trial

court to make findings of fact on Brewer's claim for fraudulent misrepresentation.

In his second assignment of error, Brewer states that the trial court erred in finding that no evidence of his damages was presented at trial. He argues that he presented prima facie evidence of damages he sustained due to the Brotherses' misrepresentation by demonstrating the amount he paid to have the necessary repairs done to the electrical system. He argues that the cost of repair is a proper measure of damages. We find this assignment of error to be well taken.

A person injured by fraud is entitled to recover damages naturally and proximately resulting from the fraud. The fundamental rule is that the owner must be compensated for the loss sustained. *Foust, supra,* 4 Ohio App.3d at 166, 4 OBR at 266, 446 N.E.2d at 1126. Where there is fraud inducing the purchase or exchange of real estate, Ohio courts have held that the proper measure of damages is the difference between the value of the property as it was represented to be and its actual value at the time of purchase or exchange. This is known as the "benefit of the bargain" rule. *Molnar v. Beriswell* (1930), 122 Ohio St. 348, 171 N.E. 593, paragraph one of the syllabus; *Starinki v. Pace* (1987), 41 Ohio App.3d 200, 202, 535 N.E.2d 328, 330. Courts have also held that the cost of repair or replacement is a fair representation of damages under the benefit of the bargain rule and is a proper method for measuring damages. *Lyons v. Orange* (May 4, 1982), Montgomery App. No. CA 7566, unreported; *Burgio v. Looks* (Sept. 19, 1980), Erie App. No. E–79–481, unreported. Given the practical difficulties of establishing the value of the property with and without the defects in these types of cases, we accept the proposition that repair or replacement cost is an adequate measure of damages, particularly given that the goal is to compensate the owner for the loss sustained.

Brewer presented evidence that it cost him approximately $2,000 to have the defects in the electrical system repaired. The trial court concluded that Brewer failed to present any evidence of damages. We disagree. Where pecuniary damage does exist, evidence of the exact amount of the difference in value is not necessarily required. *Starinki, supra,* at 202, 535 N.E.2d at 330. Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. *Lyons, supra.* In the present case, Brewer showed that the electrical system failed to meet the requirements of the local electrical code in many respects, that the defects constituted a fire hazard and that he incurred substantial expense to have the defects repaired. His damages were not predicated on "mere speculation, * * * hypothesis, conjecture or whim." *Id.*

It was therefore incumbent upon the Brotherses to present evidence to rebut Brewer's evidence of damages. Accordingly, we hold that the trial court erred in concluding that Brewer did not present any evidence of damages. Brewer's second assignment of error is sustained.

In his third assignment of error, Brewer argues that the trial court erred in dismissing his claim for negligent construction. He argues that a builder-vendor of real property owes a duty of care to a subsequent buyer. We are not inclined to believe that under the circumstances of the present case the Brotherses owed a duty of care to Brewer. We need not reach the issue, however, because the rights of the parties were governed by the contract to purchase real estate, and we conclude that the "as is" clause in the contract precludes any claim for negligence. Accordingly, Brewer's third assignment of error is overruled.

*Judgment reversed*
*and cause remanded.*

WALSH, J., concurs.

YOUNG, J., dissents.

WILLIAM W. YOUNG, Judge, dissenting.

I agree with the holding of the court below on the disposition of the matters contained in all three assignments of error and would affirm the judgment of the trial court.