**NOBLE, Appellant,**

v.

**MANDALIN, Appellee.**

[Cite as *Noble v. Mandalin* (1995), 104 Ohio App.3d 11.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0078.

Decided May 8, 1995.

12

*Chad E. Murdock,* for appellant.

*Giulitto & Berger* and *Joseph Giulitto,* for appellee.

FORD, Presiding Judge.

This appeal was taken by appellant, Bernie Noble, from a judgment of the Portage County Municipal Court, Ravenna Division. After a trial to the bench, the court dismissed appellant's complaint for fraudulent misrepresentation filed against appellee, Margaret J. Mandalin.

Appellant purchased a house located at 1496 Mogadore Road in Kent, Ohio, from appellee. Before the sale, appellee signed a disclosure form indicating that she was unaware of any current water leakage, water accumulation, excess dampness or other defects with the basement. Appellee's granddaughter also said that the basement was dry.

After the purchase, the basement leaked on several occasions. At trial, in order to establish damages, appellant offered two written estimates to repair the basement. These exhibits were not admitted because they were hearsay. However, appellant also testified that it would cost between $4,800 to $6,500 to fix the basement, and appellee did not object to this testimony.

As previously stated, the trial court ruled against appellant. The following excerpt reveals the court's rationale:

"The court finds plaintiff has failed to establish by a preponderance of the evidence his damages, if any, for the wet basement for the following reasons: (1) plaintiff never offered any testimony as to the value of the property with a dry basement as opposed to the value of the property with a wet basement; (2) plaintiff offered no testimony of any contractor as to what it would cost to repair said basement. The *only evidence as to damage in this case are two written estimates,* which are hearsay, and were excluded from evidence; therefore, plaintiff failed to establish damages." (Emphasis added.)

Appellant assigns the following as error:

"The trial court erred to the prejudice of the plaintiff-appellant by finding that he failed to prove damages."

In *Ohio Collieries Co. v. Cocke* (1923), 107 Ohio St. 238, 140 N.E. 356, at paragraph five of the syllabus, the Supreme Court of Ohio established the general rule regarding the measure of damages for injury to real property, provided restoration is feasible:

" * * * If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after

the injury becomes the measure."   See, also, *Woodall v. Noble Oil Corp.* (May 1, 1987), Portage App. No. 1662, unreported, 1987 WL 10761.

■   However, an exception to the foregoing rule has been established in cases of fraud.   Specifically, in *Brewer v. Brothers* (1992), 82 Ohio App.3d 148, 154, 611 N.E.2d 492, 496, the court held:

"A person injured by fraud is entitled to recover damages naturally and proximately resulting from the fraud.   The fundamental rule is that the owner must be compensated for the loss sustained.   * * * Where there is fraud inducing the purchase or exchange of real estate, Ohio courts have held that the proper measure of damages is the difference between the value of the property as it was represented to be and its actual value at the time of purchase or exchange. This is known as the 'benefit of the bargain' rule.   * * * Courts have also held that the cost of repair or replacement is a fair representation of damages under the benefit of the bargain rule and is a proper method for measuring damages. * * * Given the practical difficulties of establishing the value of the property with and without the defects in these types of cases, we accept the proposition that repair or replacement cost is an adequate measure of damages, particularly given that the goal is to compensate the owner for the loss sustained."

■   Applying this rule, appellant was not required to present "testimony as to the value of the property with a dry basement as opposed to the value of the property with a wet basement."   Thus, the trial court's rationale is inapplicable in this respect.

■   Furthermore, appellee concedes that by failing to object to appellant's testimony regarding the cost of repair, she waived any hearsay objection.   This testimony establishes that there was some evidence of damages independent of the excluded written offerings.   Thus, the trial court's statement that the record is devoid of evidence of damages is erroneous.   See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.   Accordingly, the trial court's judgment is reversed because it is founded upon the application of inappropriate law and an incorrect factual observation.

On remand, the trial court is free to reach any decision that it deems proper. Thus, the trial court may enter judgment for appellant if the court is satisfied that he established his fraudulent misrepresentation case, or it may enter judgment for appellee if it determines that appellant failed to persuade the court on a necessary proof.

■   For the purposes of remand, we note that an action for fraudulent misrepresentation requires proof of the following:

"(1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." *Brewer*, 82 Ohio App.3d at 153, 611 N.E.2d at 495.

Based on the foregoing, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and NADER, JJ., concur.