OPINION
Plaintiff Patrick A. Falkosky appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of appellees Allen and Debra Meade, upon a finding appellant had failed to demonstrate issues of material fact. Appellant assigns three errors to the trial court:
 I. THE COURT COMMITTED ERROR IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD DIFFER AS TO THE ISSUE OF CONCEALMENT OF THE DEFECT AT THE PLAINTIFF/APPELLANT'S RESIDENCE.
 II. THE COURT COMMITTED ERROR IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD DIFFER AS TO WHETHER THE DEFENDANT/APPELLEES KNEW OF THE WATER PROBLEM EXISTING AT THIS RESIDENCE, (AT THE TIME IT WAS SOLD) BASED UPON THE CHANGING OF THE DOWN SPOUTS AT THIS RESIDENCE TO ALLEVIATE A KNOWN AND NOT DISCLOSED PROBLEM. FURTHER, THE DEFENDANT/APPELLEE'S MADE NO REPAIRS TO THE DAMAGED AREA AT THE TIME THE DOWN SPOUTS WERE CHANGED OR THEREAFTER, AND THE MAIN WATER INFILTRATION EXPERIENCED BY THE PLAINTIFF/APPELLANT IS IN THE SAME AREA AS THE ORIGINAL WATER INFILTRATION EXPERIENCED BY THE DEFENDANT/APPELLEES.
 III. THE COURT COMMITTED ERROR IN GRANTING THE DEFENDANT/APPELLEES' MOTION FOR SUMMARY JUDGMENT BY MISINTERPRETING CIVIL RULE 56(C) BY SHIFTING THE BURDEN OF PROOF TO THE PLAINTIFF/APPELLANT AS TO THE ISSUE OF NOTICE, INSTEAD OF MATERIAL FACTS AND ISSUES BEING DETERMINED IN FAVOR OF THE PLAINTIFF/APPELLANT AS IS REQUIRED BY CIVIL RULE 56.
Appellant alleged he purchased a home on September 23, 1994, from defendant-appellees, Alan and Debra Meade. Thereafter, appellant discovered water leaking through the basement walls onto the basement floor. Appellees had completed a property disclosure form which denied any water problems with the home. Appellant alleged appellees fraudulently concealed the water problem in order to induce him to purchase the property.
Appellant alleged when he viewed the house prior to purchase, he observed a puddle of water on the basement floor. Appellant asserts Alan Meade, who is deceased, informed appellant the water had dripped from a de-humidifier. Appellant incurred expenses in having the water problem repaired.
In support of appellees' motion for summary judgment, appellee Debra Meade submitted her affidavit to the court, which alleged neither she nor her late husband had any knowledge of the leaking basement at the time of the sale. Appellee also presented an affidavit of an expert opining the water infiltration problems were not extensive in 1994, but only recently developed. The expert alleged he observed evidence of water infiltration which had caused the paint on the first course of cinder blocks to flake. The expert's affidavit asserted this could have developed after as little as three to four months of wet conditions. The expert asserted he believed the conditions had not been severe nor long-standing because the cinder block itself showed no sign of water damage. The west wall of the basement was covered by barn siding mounted on furring strips, and there was no staining or rotting conditions in either the furring strips or the siding. The siding had been installed in 1989.
In his deposition, appellant alleged he believed appellees knew of the water problem and concealed it from him. He testified he had spoken with some contractors who told him the water problem had existed for years, but he presented no affidavit from any contractor to that effect. The trial court found appellant had failed to come forward with any evidence to demonstrate there was an issue of fact regarding whether appellees knew of a water problem.
 I III
In his first assignment of error, appellant argues there were genuine issues of material fact regarding whether appellees concealed the water problem.
Civ.R. 56(C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427, 433. A reviewing court reviews the summary judgment by the same standard as the trial court, seeSmiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
In the recent case of Vahila v. Hall (1997), 77 Ohio St.3d 241, the Ohio Supreme Court outlined the obligations of the parties in a summary judgment proceeding. First, the moving party has the burden of showing no genuine issues as to any material fact, Vahila at 429, citing Harless v. Willis-Day WarehousingCompany (1978), 54 Ohio St.2d 64. The Supreme Court in Vahila
explained the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying the portions of the record demonstrating the absence of a genuine issue of material fact on the essential elements of the non-moving party's claims. The moving party cannot simply make a conclusory assertion that the non-moving party has no evidence to prove its case. If the moving party meets this initial burden, then the non-moving party has a reciprocal burden, as outlined in Civ.R. 56(E) to set forth a specific showing there is a genuine issue for trial. If the non-movant cannot do so, summary judgment shall be entered against the non-moving party if the trial court determines it is appropriate, Id. Thus, it is incorrect for appellant to characterize the court's action as impermissibly shifting the burden of proof.
The elements of fraudulent misrepresentation are 1) a representation, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading another into relying upon it, 5) justifiable reliance in the representation or concealment, 6) a resulting injury proximately caused by the reliance, Brewer v. Brothers (1992),82 Ohio App.3d 148.
The trial court reviewed the evidence before it, and found appellee had come forward with evidence in the form of her affidavit asserting the sellers had no knowledge of the water problem at the time of the sale. Appellee also came forward with an expert's affidavit, offering the opinion the water problems in the basement were of recent development, and thus, by inference, appellees neither knew nor should have known of the problem. Appellee's affidavit also indicated the paneling on the walls had been installed in 1989, and not for the purpose of concealing any condition on the basement wall. By contrast, appellant offered testimony in his deposition that he believed appellees had concealed the condition of the basement, by lying about the source of the puddle and by covering the basement walls with siding and the floor with tile. He also alleged he had been informed by experts of his own that the condition was a long-standing one. Appellant presented no affidavit from any expert in support of his allegation, and the trial court characterized this allegation as simply a hearsay assertion. The court found appellant had failed to come forward with evidence as listed in Civ.R. 56(C) showing an issue of material fact regarding appellees' knowledge of any water problem. We agree. Appellant has failed to present evidence appellees knew of a water problem at the time of the sale. Appellant has also failed to come forward with evidence the condition actually existed at the time of the sale, and thus, we find there is no issue as to whether the condition of the basement was open to observation, discoverable upon reasonable inspection, latent, or even deliberately hidden by the appellees.
The first and third assignments of error are overruled.
 II
In his second assignment of error, appellant alleges reasonable minds could differ as to whether appellees knew or should have known of the water problem given the fact that appellees had changed the down spouts prior to sale. The trial court did not discuss this in its judgment entry on summary judgment, but appellee urges the evidence shows it was an isolated incident which occurred eight years prior to the sale and there is no evidence of an on-going water problem.
We find even construing the evidence most favorably in appellant's favor, the trial court did not err in holding reasonable minds could not differ regarding whether this evidence showed that the water problem was a long-standing condition which appellees intentionally concealed.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.