OPINION JUDGMENT ENTRY
{¶ 1} Defendants-appellants William T. Storsin and Kaera A. Storsin appeal the June 16, 2003 Judgment Entry of the Stark County Court of Common Pleas entering judgment in favor of plaintiffs-appellees Ronald L. Cox and Kimberly J. Cox pursuant to a jury verdict in appellees' favor.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} In June 1996, appellants purchased approximately five acres of vacant land at public auction. In November 1997, appellants hired a contractor to install a pond, approximately one acre in size and about ten feet deep. After construction, they filled the pond by pumping water from a nearby creek. The pond was stocked with fish, and used recreationally.
{¶ 3} Appellants admit during the summer of 1999, the pond level dropped 1 to 1.5 feet, and appellants pumped water from the creek into the pond, running the pump about 4-5 hours per rain. During this time, appellants advertised the property for sale without a realtor. Appellees responded and viewed the property. Eventually, the parties reached a verbal agreement for the sale of the parcel. A written purchase agreement was prepared by a local title company, and the transaction closed in late August 1999. Within one to two weeks following the sale, the pond depth dropped 5-6 feet.
{¶ 4} On May 10, 2003, appellees filed a complaint with the trial court alleging the pond leaked throughout appellants' ownership, and appellants defrauded them by misrepresenting and concealing the leakage. Following a jury trial, on June 16, 2003, the trial court entered judgment pursuant to the jury's verdict, finding in favor of appellees and awarding damages in the amount of $18,060. It is from this judgment entry appellant now raises the following assignments of error:
{¶ 5} "I. The trial court's judgment is contrary to law.
{¶ 6} "II. The trial court's judgment is against the manifest weight of the evidence."
 I, II
{¶ 7} Herein, appellants maintain the trial court's judgment is contrary to law and against the manifest weight of the evidence. Specifically, appellants rely upon the doctrine of caveatemptor, asserting, even if there was leakage, such leaking was open and obvious, and appellees had the opportunity to observe and discover the leakage. Appellants' argument rests upon the testimony of both appellees and a neighbor, Alan Haynam.
{¶ 8} Initially, we address appellants' reference to the "as is" clause contained in the written purchase agreement, which reads:
{¶ 9} "5. `AS-IS' CONDITION: Purchaser is acquiring the Premises in its and their `as-is' and `with all faults' physical condition."
{¶ 10} This Court has held, "an `as is' clause in a real estate contract does not bar a claim for fraudulent misrepresentation or fraudulent concealment." Griffin v. T.K. Harris Co., Stark App. Nos. 1998CA00033, 1997CA00408, August 3, 1998, citing Brewer vs.Brothers (1992), 82 Ohio App.3d 148, 151, 611 N.E.2d 492. Therefore, we find appellant's reliance upon the clause misguided in defending against appellees misrepresentation and fraudulent concealment claims.
{¶ 11} Appellants would have this Court substitute its judgment for that of the jury. However, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. The trier of fact has the duty to decide what weight is to be given to the evidence and to assess the credibility of the witnesses. Kokitka v. Ford Motor Co. (1995),73 Ohio St.3d 89, 92, 652 N.E.2d 671; State v. Thomas (1982),70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356; Babka v. Babka
(1992), 83 Ohio App.3d 428, 436, 615 N.E.2d 247. An appellate court is guided by the presumption that the findings of the trier of fact were indeed correct. State ex rel. Pizza v. Strope
(1990), 54 Ohio St.3d 41, 46, 560 N.E.2d 765.
{¶ 12} We note appellants do not object to the instructions given to the jury. We further note, the jury returned a general verdict in favor of appellees, and the trial court did not submit interrogatories to the jury.
{¶ 13} Since both parties offered differing testimony concerning appellants' claims, the jury was the proper body to weigh the evidence and credibility of the witnesses, and the judgment in favor of the appellee reflected the will of the jury. There exists competent, credible evidence based on substantial testimony and evidence in the record for the jury to base its decision upon, notwithstanding appellants' opposing evidence. In addition to the testimony of both parties, Mark Drotar, a geotechnical engineer, testified as an expert witness for appellees. He testified the materials used in constructing the dam were not suitable, and there was low probability the dam ever held water. Further, he stated the leak through the dam was not necessarily visible on the surface. Additionally, Alan Haynam, a neighbor, testified there was continuous leakage on his property since the pond was built, and appellants were constantly pumping water into the pond. Another, neighbor's father testified he was often at his son's property and he had only seen the pond full once.
{¶ 14} Therefore, since there exists competent and credible evidence in the record to support the jury's decision, we will not reverse the judgment of the jury as against the manifest weight of the evidence.
{¶ 15} Appellees' brief moves this Court to assess costs and attorney fees pursuant to App. R. 23. App. R. 23 states:
{¶ 16} "If a Court of Appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." However, we find appellants did not lack reasonable basis for the appeal and decline to impose such costs and fees.
{¶ 17} Appellants' assignments of error are overruled.
{¶ 18} The June 16, 2003 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the June 16, 2003 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.