OPINION
{¶ 1} Appellants Adrian and Wendy Jebelean ("appellants") appeal the decision of the Delaware County Court of Common Pleas that dismissed their complaint upon a motion for a directed verdict filed by Appellee Maronda Homes, Inc. ("Maronda"). The following facts give rise to this appeal.
 {¶ 2} In August 1999, appellants purchased a home from Maronda located at 901 Bovee Lane, Powell, Ohio. Appellants claim it was represented to them, at the time of the purchase, that the exterior of the home was constructed of brick and cedar lap siding. Subsequently, appellants discovered the siding, on the exterior of the home, was not cedar but instead a manmade product known as "Omniwood."
 {¶ 3} In less than a year, the Omniwood began warping, cracking and separating. Appellee does not dispute that in some of the real estate literature, it was represented that the house was sided in cedar and brick. On August 5, 1998, appellants filed suit against appellee. Appellants dismissed their complaint, without prejudice, on April 3, 2002 and re-filed their complaint on May 20, 2002. Appellants set forth claims for fraud/misrepresentation and a violation of the Consumer Sales Practices Act. Maronda filed a third-party complaint against HER Real Estate, Inc.
 {¶ 4} This matter proceeded to trial on March 23, 2004. Prior to the start of trial, the trial court dismissed the claim for a violation of the Consumer Sales Practices Act. Following the presentation of appellants' case, appellee moved for a directed verdict. The trial court granted appellee's motion. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 5} "I. The trial court erred in granting a directed verdict to the appellee at the close of the appellants' case.
 {¶ 6} "II. The trial court erred by excluding testimony regarding the cost of replacement of the siding and by ruling that the only measure of damages is the diminution of value at the time of the purchase when a fraud or negligent misrepresentation occurs and is not entitled to the damages with (sic) have naturally and proximately resulted from the fraud or negligent misrepresentation."
 I {¶ 7} In their First Assignment of Error, appellants maintain the trial court erred when it granted appellee's motion for a directed verdict. We disagree.
 {¶ 8} In Clemente v. Gardner, Licking App. No. 2002CA00120, 2004-Ohio-2254, we reviewed the standard of review of a ruling on a motion for a directed verdict pursuant to Civ.R. 50(A) and (B). In doing so, we stated as follows:
 {¶ 9} "The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 344 N.E.2d 334, (sic) This `reasonable minds' test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party. Wagner v. Roche Laboratories
(1996), 77 Ohio St.3d 116, 119-120, 671 N.E.2d 252. Our review of the trial court's disposition of these motions is de novo." Id. at ¶ 43.
 {¶ 10} In the case sub judice, the trial court granted appellee's motion for a directed verdict stating:
 {¶ 11} "The last element however is the result that the injury must be proximately caused by the reliance. There is no evidence in this record as to any damages on August 15, 1997, caused by this misrepresentation. Everyone in this courtroom acknowledges that at some point in time after August 15, 1997, it became obvious that this product was not equivalent, but that's not the measure of damages under Ohio law. They did, in 1997, get what they bargained for. If they are to believe Mr. Merrell with his experience, he says on that day this house was worth $200,000, whether it was built of cedar or whether it was built of omni board. So there is no evidence, in the court's opinion, to the issue of damages, or injury resulting from the proximate cause by the reliance." Tr. Mar. 23, 2004, at 147.
 {¶ 12} Appellants contend the trial court erred when it refused to consider any measure of damages except diminution in value at the time of the purchase. In support of this argument, appellants cite this Court's recent decision in Clemente,
supra. In Clemente, plaintiffs filed suit alleging fraudulent and negligent misrepresentation, unjust enrichment and fraudulent and negligent concealment of a solid waste landfill located on the real estate they purchased. Id. at ¶ 2. Following a trial, the jury awarded damages to plaintiffs. Id. at ¶ 6. On appeal, defendants argued the trial court erred in not directing a verdict against plaintiffs at the end of plaintiffs' case because plaintiffs failed to prove damages as a matter of law. Id. at ¶ 45.
 {¶ 13} We overruled appellants' argument and in doing so, held that, "[a] party injured by fraud or negligent misrepresentation is entitled to recover `the damages sustained by reason of the fraud or deceit, and which have naturally and proximately resulted therefrom.' Foust v. Valleybrook RealtyCo. (Wood Cty. 1981), 4 Ohio App.3d 164, 166, 446 N.E.2d 1122." Id. at ¶ 47. This measure of damages was first adopted by the Twelfth District Court of Appeals in Brewer v. Brothers (1992),82 Ohio App.3d 148.
 {¶ 14} The Brewer case involved the misrepresentation of the condition of an electrical system in a residential property. In determining how to measure damages, the court of appeals first discussed the "benefit of the bargain" rule and cited the Ohio Supreme Court's decision in Molnar v. Beriswell (1930),122 Ohio St. 348. The Court, in Molnar, explained that, "[w]here there is fraud inducing the purchase or exchange of real estate, Ohio courts have held that the proper measure of damages is the difference between the value of the property as it was represented to be and its actual value at the time of purchase or exchange." Brewer at 154, citing Molnar at paragraph one of the syllabus.
 {¶ 15} However, the Brewer court declined to apply the "benefit of the bargain" rule and instead held that because of the practical difficulties in establishing the value of the property with and without the defects, the proper measure of damages would be the cost of repair or replacement. Brewer at 154. Thus, according to the Brewer decision, the cost of repair or replacement cost is a proper measure of damages only when it is difficult to establish the value of the property with and without the defects.
 {¶ 16} Although we applied the cost of repair or replacement measure of damages in the Clemente decision, we decline to do so in the case sub judice. Determining the value of property that contains a landfill presents a difficult issue. Therefore, in theClemente case, it was proper to apply the cost of repair or replacement cost as a measure of damages. However, in the matter currently under consideration, it is not difficult to establish the value of the property with and without cedar lap siding. Thus, the trial court properly applied the "benefit of the bargain" rule.
 {¶ 17} In granting appellees' motion for a directed verdict, the trial court specifically referred to the testimony of Mr. Edwin Merrell wherein he testified the property was worth $200,000, on the day appellants purchased it, no matter whether the house was built with Omniboard or cedar lap siding. Accordingly, under the "benefit of the bargain" rule, the trial court properly granted appellees' motion for a directed verdict because there is no evidence regarding damages to support appellants' claim for fraud/misrepresentation.
 {¶ 18} Appellants' First Assignment of Error is overruled.
 II {¶ 19} Appellants maintain, in their Second Assignment of Error, the trial court erred when it excluded testimony concerning the cost of replacement of the Omniboard siding. We disagree.
 {¶ 20} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 21} We do not find the trial court abused its discretion when it excluded the proffered testimony of Michael Metzger and Alan Millington as this testimony concerned the cost of repair or replacement of the Omniboard. As noted in the above assignment of error, this is not the proper measure of damages. Therefore, the trial court properly excluded the proferred testimony.
 {¶ 22} Appellants' Second Assignment of Error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Costs assessed to appellants.