OPINION
{¶ 1} Appellant/Cross-Appellee Willie Williams ("Appellant Williams") appeals the decision of the Muskingum County Court of Common Pleas challenging the trial court's reduction of the jury's verdict, the court's previous ruling on the validity of a real estate disclosure form and the court's decision withholding its ruling on appellant's motion for reconsideration. Appellee/Cross-Appellant Marcy Brown ("Appellee Brown") filed a cross-appeal challenging the trial court's rulings on her motions for summary judgment,[1] motion for directed verdict and motion for judgment notwithstanding the verdict. The following facts give rise to this appeal.
 {¶ 2} On May 22, 1999, Appellant Williams purchased property located at 417 Cliffwood Avenue, Zanesville, Ohio, from Appellee Brown. Appellee Brown used the residence, as a rental property, for approximately eight years prior to its sale to Appellant Williams. Upon making her decision to sell the property, Appellee Brown listed the property, on December 1, 1998, with the real estate company of Prudential McCollister 
Associates Realtors ("McCollister"). Becky Bailey, as McCollister's agent, represented both Appellee Brown and Appellant Williams under a dual agency agreement.
 {¶ 3} At the time of the purchase, Appellant Williams declined a general home inspection allegedly believing that an FHA inspection would occur prior to closing. However, Appellant Williams did agree to a termite and gas line inspection. Appellant Williams closed on the property on June 4, 1999, at the offices of Mid-Ohio Title Agency, Inc.
 {¶ 4} After moving into the residence, on June 13, 1999, Appellant Williams and his family began experiencing numerous problems with the property. Specifically, there were problems with the roof, plumbing, electric, sewer, drainage and porch. Prior to moving into the residence, the house had to be treated for termites. Also, the residence had current and past code violations. Due to these problems, Appellant Williams and his family had to stay at hotels, or with relatives, on various occasions.
 {¶ 5} Thereafter, in 2000, Appellant Williams and his spouse, Gina Williams, commenced this lawsuit against McCollister; Waterfield Mortgage Company, Inc.; Mid-Ohio Title Agency, Inc.; and Becky Bailey. Appellant Williams and Gina Williams voluntarily dismissed this action on July 15, 2002. On August 14, 2002, Appellant Williams and Gina Williams[2]
re-filed their complaint naming the same defendants and also adding Appellee Marcy Brown as a defendant. The complaint set forth causes of action including, but not limited to, fraud, misrepresentation, negligence and various statutory violations.
 {¶ 6} In a judgment entry dated September 10, 2002, the trial court ordered that all pleadings, entries and discovery produced within Case No. CH2000-0203 were to be fully incorporated into Case No. CH2000-0820. This included a judgment entry, dated April 16, 2002, wherein the trial court granted "[p]artial Summary Judgment for defendants, Prudential McCollister Associate (sic) Realtors and Becky Bailey on the issues of fraud, misrepresentation, and punitive damages * * *. Judgment Entry, Apr. 16, 2002, at 2. The trial court further found that "[a]s to the possible issues of negligence, the Court finds that issues of fact could exist that a jury may be called upon to decide." Id.
 {¶ 7} In a second judgment entry, filed in Case No. CH2000-0820, on March 4, 2004, the trial court addressed motions for summary judgment filed by McCollister, Becky Bailey, Waterfield Mortgage Company, Inc. and Mid-Ohio Title Agency, Inc. The trial court held that "* * * all allegations pertaining to fraud are out of the case. This same ruling of partial Summary Judgment is granted to all other defendants in the case. The sole issue to be tried in this case is whether the doctrine of caveat emptor applies or were there hidden defects on the premises that should have been disclosed to the buyers." Judgment Entry, Mar. 4, 2004, at 1.
 {¶ 8} This matter eventually proceeded to trial. Following deliberations, the jury returned a verdict, in favor of Appellant Williams, against Appellee Brown, in the amount of $71,147.00. On July 28, 2004, the trial court filed a judgment entry reducing the verdict, against Appellee Brown, to $53,361.00, based upon the jury's finding that Appellant Williams was twenty-five percent negligent.
 {¶ 9} Appellee Brown filed a motion for judgment notwithstanding the verdict or alternatively new trial on August 6, 2004. The trial court granted Appellee Brown's motion and reduced the award of damages to $14,737.00. The trial court also added to this amount $3,008.70, in fees, and $377.13, in costs, for a total judgment of $18,122.83. See Judgment Entry, Sept. 27, 2004.
 {¶ 10} On October 6, 2004, Appellee Brown filed a motion for reconsideration. The trial court declined to address appellee's motion on the basis that it lacked jurisdiction to do so because the matter had been appealed to this court.
 {¶ 11} Appellant Williams sets forth the following assignments of error for our consideration:
 {¶ 12} "I. THE LOWER COURT ERRED WHEN IT GRANTED BROWN'S MOTION FOR JNOV AND REDUCED THE JURY'S VERDICT BY OVER $35,000.
 {¶ 13} "II. THE LOWER COURT ERRED WHEN IT INCORPORATED/ABIDED BY PREVIOUS RULING THAT RESIDENTIAL PROPERTY DISCLOSURE FORM WAS PROPER.
 {¶ 14} "III. THE LOWER COURT ERRED WHEN IT WHITHHOLDING (SIC) RULING ON BROWN'S MOTION FOR RECONSIDERATION OF THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT."
 {¶ 15} Appellee Brown filed a cross-appeal and sets forth the following assignments of error for our consideration:
 {¶ 16} "I. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, IN ITS ENTIRETY, ON THE ISSUE OF NEGLIGENCE.
 {¶ 17} "II. THE COURT ERRED BY NOT GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT, IN ITS ENTIRETY, ON THE ISSUE OF NEGLIGENCE.
 {¶ 18} "III. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR DIRECTED VERDICT, IN ITS ENTIRETY, ON THE ISSUE OF NEGLIGENCE.
 {¶ 19} "IV. THE COURT ERRED BY NOT GRANTING DEFENDANT'S SECOND MOTION FOR DIRECTED VERDICT, IN ITS ENTIRETY, ON THE ISSUE OF NEGLIGENCE.
 {¶ 20} "V. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, IN ITS ENTIRETY, ON THE LEGAL PREMISE THAT THE CAUSE OF ACTION IS PRECLUDED BY THE `AS IS' CLAUSE' (SIC) IN THE CONTRACT FOR THE SALE OF PROPERTY.
 {¶ 21} "VI. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, IN ITS ENTIRETY, ON THE LEGAL PREMISE THAT THE DOCTRINE OF CAVEAT EMPTOR PRECLUDES A CAUSE OF ACTION FOR PURE NEGLIGENCE IN THE SALE OF REAL ESTATE.
 {¶ 22} "VII. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, IN ITS ENTIRETY, ON THE LEGAL PREMISE THAT THE JURY FAILED TO USE `DIMINUTION OF VALUE' AS THE PROPER STANDARD TO CALCULATE DAMAGES.
 {¶ 23} "VIII. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, IN ITS ENTIRETY, ON THE LEGAL PREMISE THAT PLAINTIFF FAILED TO PRESENT EVIDENCE OF `DIMINUTION OF VALUE.'
 {¶ 24} "IX. THE COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, IN ITS ENTIRETY, ON THE LEGAL PREMISE THAT IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 V {¶ 25} We will first address the Fifth Assignment of Error, in Appellee Brown's cross-appeal, as we find it dispositive of this matter. In this assignment of error, appellee maintains the trial court erred when it denied her motion for judgment notwithstanding the verdict because the negligence cause of action is barred by the "as is" clauses contained in the purchase agreement and the inspection addendum. We agree.
 {¶ 26} In her brief, Appellee Brown addresses this assignment of error under "Issue for Review No. 2."[3] Appellee argues the "as is" clause precludes any claim for negligence because it relieves the seller of any duty to disclose. We will address this argument in the context of the motion for directed verdict, made by appellee at the close of appellant's case, and in her motion for judgment notwithstanding the verdict or alternatively new trial. Under Civ. R. 50(A) and (B), the standard of review of a ruling on a motion for a directed verdict and a motion for judgment notwithstanding the verdict is the same. Posin v. A.B.C. MotorCourt Hotel, Inc. (1976), 45 Ohio St.2d 217. The Posin court explained this standard as follows:
 {¶ 27} "The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." Id. at 275.
 {¶ 28} This "reasonable minds" test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party. Wagner v. RocheLaboratories, 77 Ohio St.3d 116, 119-120, 1996-Ohio-85. Our review of the trial court's disposition of these motions is de novo. It is based upon this standard that we review Appellee Brown's Fifth Assignment of Error on cross-appeal.
 {¶ 29} In support of this assignment of error, Appellee Brown cites this court's decision in Clemente v. Gardner, Licking App. No. 2002CA00120, 2004-Ohio-2254. In Clemente, plaintiffs purchased property that they later discovered had a buried solid waste landfill. Id. at ¶ 2. Plaintiffs brought claims against the seller, the seller's spouse and the real estate agency for fraudulent and negligent misrepresentation, unjust enrichment, and fraudulent and negligent concealment. Id. Plaintiffs also sued the real estate agency for claims of negligence and breach of fiduciary duty. Id. The jury awarded a verdict in favor of plaintiffs. Id. at ¶ 6.
 {¶ 30} On appeal, sellers argued buyers purchased the property in an "as is" condition pursuant to the language of the purchase contract. Id. at ¶ 29. Although we determined that the language cited by sellers did not constitute an "as is" clause, we did discuss the effect of such a clause in a real estate contract. In doing so, we stated as follows:
 {¶ 31} "Generally, an `as is' clause in a real estate contract places the risk upon the purchaser as to the existence of defects. It relieves the seller of any duty to disclose. [Citation omitted.] However, an `as is' clause does not bar a claim for `positive' fraud, a fraud of commission rather than omission. An `as is' clause cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent concealment. Id. Thus, an `as is' clause bars claims for passive non-disclosure. [Citations omitted.] Id. at ¶ 31.
 {¶ 32} In response, Appellant Williams sets forth several arguments. First, appellant maintains appellee waived this argument by not raising it prior to the commencement of trial. Second, appellant contends appellee had a statutory and common law duty to disclose all known problems with the property and complete the residential disclosure form in good faith. Third, appellant claims it is irrelevant that he waived his right to a general home inspection because in order for caveat emptor to bar recovery, the defect must be "open and obvious" to a lay person, not an expert. Finally, appellant argues that even if we find the "as is" clause applicable, it is clear appellee actively misrepresented or concealed the condition of the property which is not permitted.
 {¶ 33} We do not agree with appellant's arguments. Appellee Brown did not waive her right to raise the issue of the "as is" clause by not raising it prior to trial in her trial brief. The record reveals appellee relied upon the "as is" clause in support of her motion for directed verdict at trial. See Tr. at 937. Also, appellant's argument regarding caveat emptor is irrelevant since this assignment of error concerns the "as is" clauses found in the purchase agreement. Finally, the trial court determined appellee did not actively misrepresent or conceal the condition of the property when it granted defendants' motion for summary judgment on the fraud claim.
 {¶ 34} We also disagree with appellant's argument that appellee had a statutory and common law duty to disclose all known problems with the property. In the case sub judice, the purchase agreement and inspection addendum contains the following clauses, which we find constitute "as is" clauses:
 {¶ 35} "GENERAL PROVISIONS: Purchaser has examined the Property and, except as otherwise provided in this agreement, is purchasing it `as is' in its present condition, relying upon such examination as to the condition, character, size, utility zoning of the property. * * *"
 {¶ 36} The second "as is" clause, in the inspection addendum, provides as follows:
 {¶ 37} "FAILURE TO NOTIFY SELLER OF ANY DEFECTS BEFORE EXPIRATION OF THE INSPECTION PERIOD SHALL CONSTITUTE A WAIVER OF SUCH DEFECTS, AND PURCHASER SHALL TAKE THE PROPERTY `AS IS' WITH RESPECT TO SUCH DEFECTS."
 {¶ 38} Unlike in the Clemente case, we find the above two clauses to be valid "as is" clauses. Read in pari materia, the clauses clearly indicate, to the purchaser, that he is purchasing the property "as is" and that any defects not brought to the attention of the seller, prior to the expiration of the inspection period, shall result in a waiver of the defects and the property shall be purchased "as is." The record indicates, and the trial court found, that appellant waived his right to have a general home inspection and instead opted for a termite and gas line inspection. Thus, appellant purchased the property "as is" with respect to the defects he later discovered upon moving into the residence.
 {¶ 39} In support of this conclusion, we refer to the case of Brewerv. Brothers (1992), 82 Ohio App.3d 148. The Brewer case involved the sale of a residence that had extensive problems with the electrical system. Id. at 150. The problems were not discovered, by plaintiff, until after the sale was completed. Id. Due to these problems, plaintiff filed a complaint alleging breach of contract, fraudulent misrepresentation and negligent construction. Id. The purchase agreement contained an "as is" clause. Id.
 {¶ 40} The Twelfth District Court of Appeals concluded the "as is" clause did not preclude a claim for fraudulent misrepresentation. Id. at 152-153. However, the court found the clause did preclude the negligence claim. Id. at 155. In reaching this conclusion, the court stated as follows:
 {¶ 41} "He [plaintiff] argues that a builder-vendor of real property owes a duty of care to a subsequent buyer. We are not inclined to believe that under the circumstances of the present case the Brotherses [defendants] owed a duty of care to Brewer [plaintiff]. We need not reach the issue, however, because the rights of the parties were governed by the contract to purchase real estate, and we conclude that the `as is' clause in the contract precludes any claim for negligence." Id.
 {¶ 42} Further, "* * * as long as a seller does not engage in fraud, these two principles, caveat emptor and `as is' bar any claims brought by a buyer." Moreland v. Ksiazek, Cuyahoga App. No. 83509, 2004-Ohio-2974, at ¶ 56. In the case sub judice, due to the existence of the two "as is" clauses, we find appellant may not maintain a claim for negligence. The trial court erred when it denied Appellee Brown's motion for directed verdict and motion for judgment not withstanding the verdict.
 {¶ 43} Appellee Brown's Fifth Assignment of Error is sustained.
 {¶ 44} We will not address the merits of appellant's First, Second or Third Assignments of Error as they are moot based upon our disposition of appellee's Fifth Assignment of Error on cross-appeal. Also, we will not address appellee's First, Second, Third, Fourth, Sixth, Seventh or Eighth Assignments of Error as moot.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed.
Wise, J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed.
Costs assessed to Appellant Williams.
[1] We will not address Appellee Brown's argument, as to the motions for summary judgment, as the record indicates Appellee Brown did not file a motion for summary judgment. Rather, appellee makes her argument, as to the motions for summary judgment, based upon motions filed by other defendants in the case. Appellee may not rely upon motions filed by other parties to support her argument presented in her cross-appeal.
[2] On April 16, 2002, the trial court dismissed Gina Williams, from the lawsuit, determining she was not a real party in interest.
[3] Appellee Brown improperly addressed her arguments, under the issues presented for review, instead of addressing each argument under the appropriate assignment of error as required by App. R. 16(A)7. This rule provides as follows:
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *"