[Cite as *Watson v. Ohio Bur. of Motor Vehicles*, 2011-Ohio-5114.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES WATSON, JR.

    Plaintiff

    v.

OHIO BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2011-01151-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}  On December 16, 2010, plaintiff, Charles Watson Jr., was stopped by a Highland Heights police officer and issued a traffic ticket for driving with an expired license. Plaintiff alleges he was "'frisked' in the middle of the street and placed in the back of a police car as standard procedure for a criminal driving without a valid driver's license."  Thus plaintiff was detained and his vehicle was impounded based on the driving with an expired license charge.  Plaintiff asserted he was detained and his vehicle was impounded as a proximate result of an act on the part of defendant, Bureau of Motor Vehicles ("BMV"), in erroneously recording his driver's license status as suspended.  According to plaintiff, he called BMV the next day and received verification that his license was valid and that "due to delay in database updates his license reflected suspended at [the] time of [the] traffic stop."  Consequently, plaintiff filed this complaint seeking to recover damages in the amount of $1,454.08 based on defendant's improper and erroneous record keeping.  Plaintiff itemized his damage claim as follows:

{¶2}   1 Stress         $1,000.00

{¶3}    2 Loss in wages     $   300

{¶4}    3 Car tow           $   154.08

{¶5}    Total damages       $1,454.08

{¶6}    Plaintiff submitted the $25.00 filing fee.

{¶7}    Although admitting error in recording plaintiff's license was under suspension, defendant has admitted liability for some, but not all expenses claimed by plaintiff.   Defendant acknowledged plaintiff is entitled to recover $154.08 for towing expenses.  Defendant denied liability for any additional claims for stress and lost wages in that plaintiff failed to substantiate he incurred lost wages or that BMV caused him to suffer from stress.  Defendant asserted plaintiff's recovery should be limited to $154.08.

{¶8}    Plaintiff did not file a response.  Plaintiff provided defendant with a copy of the payroll worksheet documenting his salary but did not offer evidence to show that he lost wages as a result of the incident on December 16, 2010.

{¶9}    The court finds that resulting damages may be recovered when a plaintiff proves, by a preponderance of the evidence, his driver's license was erroneously listed as suspended by defendant.  *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD.   These damages must directly flow from defendant's failure to convey accurate information.  *Henighan v. Ohio Dept. of Public Safety* (1997), 97-01619-AD; *Jordan v. Bureau of Motor Vehicles* (1998), 97-10341-AD.

{¶10}   Plaintiff has proven, by a preponderance of the evidence, that his driver's license was improperly listed as suspended by defendant.  *McGee v. Ohio Bureau of Motor Vehicles* (1997), 97-03999-AD.   Defendant is liable to plaintiff for damages plaintiff can prove resulted from defendant's failure to keep proper accurate records. *Partlow v. Bureau of Motor Vehicles* (1997), 97-07820-AD.  In the instant claim, plaintiff has failed to prove he is entitled to recover damages for "loss of wages."

{¶11}   Embarrassment and humiliation over being "frisked in the middle of the street" and detained in the back of a police car are recognized as elements of damages and, thus, compensable by this court. *Ankney*; *Hodge v. Ohio Bureau of Motor Vehicles* (1999), 99-08475-AD; *Goldsmith v. Bureau of Motor Vehicles* (2000), 99-13444-AD; *Snedeker v. Ohio Bureau of Motor Vehicles* (2000), 2000-08133-AD; *Miller v. Ohio Bureau of Motor Vehicles* (2001), 2001-09427-AD; *Bumphus v. Bureau of Motor*

*Vehicles*, Ct. of Cl. No. 2004-01117-AD, 2004-Ohio-4589. Plaintiff may recover damages based on embarrassment/humiliation.

{¶12} Defendant is liable to plaintiff for damages plaintiff can prove resulted from defendant's failure to provide correct information. *Rivers v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2005-06872-AD, 2005-Ohio-7089. As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160. The court in the instant claim finds defendant liable to plaintiff for  towing costs and embarrassment.

{¶13} Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. *Brewer v. Brothers* (1992), 82 Ohio App. 3d 148, 611 N.E. 2d 492. Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31. The court finds defendant liable to plaintiff for damages in the amount of $354.08, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES WATSON, JR.

    Plaintiff

    v.

OHIO BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2011-01151-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $379.08, which includes the filing fee. Court costs are assessed against defendant.

        DANIEL R. BORCHERT
        Deputy Clerk

Entry cc:

Charles Watson, Jr.         Anne Vitale, Associate Legal Counsel
305 Country Lane         Department of Public Safety, Legal Services
Richmond Hts., Ohio  44143    1970 West Broad Street
                     P.O. Box 18208

SJM/laa

4/20
Filed 6/27/11
Sent to S.C. reporter 10/4/11