OPINION
{¶ 1} Appellant Joseph Lorenz appeals the decision of the Tuscarawas County Court of Common Pleas that granted Appellees Ryan and James Young's motion for directed verdict. The following facts give rise to this appeal.
 {¶ 2} The accident that resulted in this lawsuit occurred on March 2, 2003. The accident happened when appellant was allegedly walking along the shoulder of State Route 800. Appellee Ryan Young struck appellant, with his vehicle, as he turned into a driveway at 6368 State Route 800. At the time of the accident, appellant claims he was walking, within the right-of-way of State Route 800, along the shoulder that crosses the driveway leading to the residence. Appellant was walking from Tammy's Bar to the Dugout Bar, both of which are located on State Route 800, on opposite sides of the street.
 {¶ 3} On March 4, 2004, appellant filed a complaint seeking damages for the injuries he sustained in the accident. On October 25, 2004, appellees filed an amended answer raising the defense of trespass. On June 2, 2005, this matter proceeded to a jury trial. At the close of appellant's case, appellees moved the trial court for a directed verdict on the defense of trespass. The trial court granted appellees' motion finding "* * * in construing the evidence most strongly in favor of the Plaintiff [appellant], that the defense of trespass has been shown by a preponderance of the evidence through the Plaintiff's [appellant's] case in chief. Reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion is adverse to the Plaintiff [appellant]." Judgment Entry, June 6, 2005, at 3.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DIRECTED VERDICT IN THAT IT IGNORED OR DISREGARDED TESTIMONY THAT CLEARLY ESTABLISHED THAT APPELLANT WAS NOT TRESPASSING AT THE TIME OF THIS INCIDENT BUT, RATHER, WAS WALKING ALONG OR NEAR THE SHOULDER OF S.R. 800 WITHIN THE PUBLIC RIGHT OF WAY.
 {¶ 6} "II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DIRECTED VERDICT IN THAT IT MISSTATED TRIAL TESTIMONY IN ITS DECISION."
 I {¶ 7} In his First Assignment of Error, appellant maintains the trial court erred when it granted appellees' motion for directed verdict because it disregarded testimony that clearly established he was not trespassing at the time of the accident as he was within the public right-of-way of State Route 800. We agree on the basis that there is evidence of substantial probative value in support of appellant's claim that he was not trespassing at the time of the accident.
 {¶ 8} Civ.R. 50(A)(4) addresses motions for directed verdict when granted on the evidence. This rule provides as follows:
 {¶ 9} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 10} The "reasonable minds" test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party. Williams v. Brown,
Muskingum App. Nos. CT2004-0048, CT20040-051, 2005-Ohio-5301, at ¶ 28, citing Wagner v. Roche Laboratories, 77 Ohio St.3d 116, 119-120, 1996-Ohio-85. Further, In Ruta v. Breckenenridge-Remy Co. (1982),69 Ohio St.2d 66, the Ohio Supreme Court discussed the analysis a trial court is to follow when ruling on a motion for directed verdict. The Court explained:
 {¶ 11} "When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of the witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence. The evidence is granted its most favorable interpretation and is considered as establishing every material fact it tends to prove. The `reasonable minds' test of Civ.R. 59(A)(4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of that party's claims. See HamdenLodge v. Ohio Fuel Gas Co. (1934), 127 Ohio St. 469, 189 N.E. 246. Weighing evidence connotes finding facts from the evidence submitted; no such role is undertaken by the court in considering a motion for a directed verdict. A motion for a directed verdict raises a question of law because it examines the materiality of the evidence, as opposed to the conclusions to be drawn from the evidence. To hold that in considering a motion for directed verdict a court may weigh the evidence, would be to hold that a judge may usurp the function of the jury. Section 5, Article I of the Ohio Constitution." Id. at 68-69.
 {¶ 12} Our standard of review of a trial court's disposition of a motion for directed verdict is de novo. Williams v. Brown, supra, at ¶ 28. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v.Cleveland City Schools Bd. of Edn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116,119-120. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. It is based upon this standard that we review appellant's First Assignment of Error.
 {¶ 13} In support of this assignment of error, appellant contends the trial court should not have granted the directed verdict because evidence was presented, at trial, that clearly established he was not trespassing at the time of the accident because he was walking in the right-of-way of State Route 800. The parties agree the standard of care owed to an undiscovered trespasser is to do nothing other than to refrain from injuring such trespasser by willful and wanton conduct. McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 246.
 {¶ 14} In his complaint, appellant does not allege willful and wanton conduct. Instead, appellant alleges Appellee Ryan Young acted negligently. See Complaint, Mar. 4, 2004, at ¶ 5, ¶ 6, ¶ 7. Therefore, in order to be entitled to damages, appellant must establish that he was not trespassing at the time of the accident. That is, he must establish that he was within the right-of-way of State Route 800 when he was struck by Appellee Ryan Young's vehicle.
 {¶ 15} In the trial court's judgment entry granting the motion for directed verdict, the trial court found the defense of trespass had been shown by a preponderance of the evidence. Judgment Entry, June 6, 2005, at 3. The trial court cited the following facts in support of its conclusion:
 {¶ 16} "1. The Plaintiff testified that he saw the headlights of Defendant's car with a turn signal, but that he kept walking because he thought the vehicle was going to turn on the street next to the driveway, Deersville Avenue;
 {¶ 17} "2. The Plaintiff testified that he crossed Deersville Avenue, walked behind the mailboxes and walked up the driveway and crossed it, each time he left Tammy's Tavern to walk to the Dug Out Bar. The Plaintiff admitted that he did not have permission to be on the property of the Defendant's family;
 {¶ 18} "3. The Plaintiff testified that he had an estimated five beers prior to the accident;
 {¶ 19} "4. The Plaintiff testified that when he was struck, he fell in the gravel, and his sister's testimony corroborates that the Plaintiff said he was his (sic) in the driveway;
 {¶ 20} "5. The Sheriff Deputy testified that both the State Highway Patrol and the Sheriff were dispatched, but that the Sheriff's office handled the investigation since it occurred on private property. Based upon the investigation, the driver was reportedly traveling at 5 m.p.h. speed, and the contributing factors were driver inattention and the pedestrian's dark clothing. The Deputy also reported that the Plaintiff's condition was impaired due to intoxication. The reported scene of the collision was `driveway access;' and
 {¶ 21} "6. The Plaintiff's accident reconstruction expert, Lyn Jackman, testified that she researched the width of the State Route 800 right of way and found it to be sixty feet. She further testified that she measured the sixty foot right of way, and found it to be the distance between the telephone poles, as shown on the Plaintiff's photographic exhibits, numbered 13(A), (B), (C), (D) and (H). Her testimony confirms that the gravel driveway was beyond the measured sixty foot right of way." Judgment Entry, June 6, 2005, at 2-3.
 {¶ 22} On appeal, in response to the trial court's findings, appellant cites the testimony of Deputy Troy Beckley; Lyn Jackman, an accident reconstructionist; and his own testimony presented at trial. The trial court correctly notes that Deputy Beckley testified that in his report, he noted "driveway access" to indicate where the accident occurred. Tr. at 20. Deputy Beckley further stated the accident occurred on private property. Id. at 15-16. However, the record also indicates that Deputy Beckley testified the accident occurred on the shoulder of State Route 800 and that the shoulder part is still in the right-of-way and that appellant was on the shoulder at the time of the accident. Id. at 5, 6, 27.
 {¶ 23} As to appellant's accident reconstructionist, the trial court found that Lyn Jackman's testimony established that the gravel driveway was beyond the measured sixty foot right-of-way. Judgment Entry, June 6, 2005, at 3. However, Ms. Jackman also testified that in her opinion, appellant was not walking on State Route 800, but was instead walking in the shoulder area, that appellant was in the right-of-way when he was struck by Appellee Ryan Young's vehicle; and that when appellant landed, after being hit by the vehicle, he may have fallen in the gravel, but that does not mean that is where he was standing when he was struck. Id. at 67, 69, 75-76, 78.
 {¶ 24} Finally, the trial court refers to appellant's testimony, at trial, finding that appellant admitted to walking up appellees' driveway and crossing it each time he left Tammy's Tavern to walk to the Dugout Bar. Judgment Entry, June 6, 2005, at 2. The trial court also found appellant testified that when he was struck, he fell in the gravel. Id. However, appellant also testified that he walked on the shoulder of the road past the mailboxes; that on the return trip from Tammy's Tavern to the Dugout Bar, he walked past the mailboxes and across the driveway shoulder; and that he was four or five feet, from the white edge line as he walked. Tr. 31, 32-33, 34, 35, 60.
 {¶ 25} We recognize the testimony referred to above, at times, is inconsistent. However, when addressing a motion for directed verdict, the trial court is not to weigh the evidence or determine the credibility of the witnesses. Instead, the trial court is to assume the truth of the evidence supporting the facts essential to appellant's claim. The trial court must construe the evidence most strongly in favor of the appellant. Thus, the trial court was required to assume, as the truth, that appellant was within the right-of-way of State Route 800 and therefore, was not trespassing when he was struck by Appellee Ryan's vehicle since the record contains testimony to support this claim.
 {¶ 26} Further, under the "reasonable minds" test, there was evidence of substantial probative value in support of appellant's claim that he was not trespassing at the time of the accident. It appears, from the trial court's judgment entry, that it weighed the testimony presented by appellant and his witnesses. However, a trial court is not to weigh the evidence, but instead, consider the materiality of the evidence as opposed to the conclusions to be drawn from the evidence.
 {¶ 27} Accordingly, under a de novo review of the evidence, we find the trial court erred when it granted appellees' motion for directed verdict. In assuming the truth of the evidence, as we are required to do when considering a motion for directed verdict, we conclude the evidence establishes every material fact that it tends to prove, i.e. that appellant was not trespassing when Appellee Ryan Young struck him with his vehicle.
 {¶ 28} Finally, although appellant did not assign this as error and only presents this argument in his reply brief, we would note that the trial court improperly applied a "preponderance of the evidence" standard when it granted appellees' motion for directed verdict. Judgment Entry, June 6, 2005, at 3. Specifically, the trial court concluded that the defense of trespass had been shown by a preponderance of the evidence. The "preponderance of the evidence" standard was an improper standard for the trial court to use because this requires a higher degree of proof and consideration of the weight of the evidence which is improper in addressing a motion for directed verdict. See Wilkin v. Golden Giant,Inc. (Mar. 24, 1982), Highland App. No. 437; Glatt v. Daugherty (Mar. 12, 1980), Montgomery App. No. CA 6020; State v. Nationwide Mut. Ins.Co. (Oct. 21, 1980), Clark App. No. 1478; Romero v. Doster (July 25, 1979), Henry App. Nos. 7-79-1, 7-79-2.
 {¶ 29} Appellant's First Assignment of Error is sustained. We will not address appellant's Second Assignment of Error as it is moot based upon our disposition of appellant's First Assignment of Error.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellees.