[Cite as *Allen v. Bur. of Motor Vehicles*, 2011-Ohio-3855.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAWANNA M. ALLEN

    Plaintiff

    V.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2010-10793-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1}  On September 10, 2010, plaintiff, DaWanna M. Allen, was stopped and detained by a Columbus, Ohio police officer.  The officer listed the reason for stopping plaintiff and her vehicle as "random noncompliance" pursuant to section 2141.11(A) of the Columbus City Traffic Code (copy of citation submitted).  The officer apparently checked plaintiff's driver's license status and communicated to her that it was listed by defendant, Bureau of Motor Vehicles (BMV), as suspended due to failure to prove financial responsibility (automobile insurance coverage).  Evidently, BMV had suspended plaintiff's license for plaintiff's alleged failure to provide proof of automobile insurance on or before August 31, 2010.  Incident to the traffic stop, plaintiff's driver's license was seized and plaintiff was directed to appear at Franklin County Municipal Court on September 20, 2010.  Plaintiff asserted the suspension was in error, her court

case was dismissed, and that although she was not charged a reinstatement fee, she did incur work loss, court costs, travel expenses, and inconvenience. In addition, plaintiff contended her driver's license had not yet been returned to her.

{¶ 2} Plaintiff filed this complaint seeking to recover $295.08, for work loss and court costs. Plaintiff also seeks recovery of the $25.00 filing fee which was paid when the complaint was filed. In addition, plaintiff requests an unspecified amount of damages for travel, gas, and inconvenience.

{¶ 3} Defendant filed an investigation report stating, on June 4, 2010, a letter was mailed by its agent to plaintiff requiring her to show proof of financial responsibility for an automobile owned by and registered to her.[1] Defendant randomly selected plaintiff to receive the insurance coverage verification correspondence. Defendant's mailing was done pursuant to statutory and administrative regulation authority.[2] Ohio

---

[1] Defendant did not submit a copy of the letter with the investigation report.

[2] R.C. 4509.101which prohibits operation of a motor vehicle without proof of financial responsibility states in relevant part:

"(A) (1) No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle.

"* * *.

"(3) A person to whom this state has issued a certificate of registration for a motor vehicle or a license to operate a motor vehicle or who is determined to have operated any motor vehicle or permitted the operation in this state of a motor vehicle owned by the person shall be required to verify the existence of proof of financial responsibility covering the operation of the motor vehicle or the person's operation of the motor vehicle under any of the following circumstances:

"* * *.

"(C) Whenever, in accordance with rules adopted by the registrar, the person is randomly selected by the registrar and requested to provide such verification."

Ohio Adm. Code 4501:1-2-07. Requiring proof of financial responsibility by random selection states, in part:

"(A) This rule governs procedures adopted by the registrar of motor vehicles requiring proof of financial responsibility by random selection.

"(B) The bureau of motor vehicles (BMV) vehicle registration data file shall be the original source from which random selections shall be made.

"(C) The registrar shall designate the types and classes of vehicles which shall be included in the random selection. Initially, the registrar shall limit selection to passenger cars and noncommercial vehicles, except farm trucks. One year after the random selection begins, and annually thereafter, the registrar may determine whether any types or classes of vehicles shall be added to or deleted from the selection process.

"(D) The registrar shall prescribe the number of vehicles to be selected on a random basis. The number may be a stated number or a stated percentage of the vehicles registered in the vehicle types and classes designated by the registrar. Initially, five percent of the designated types and classes of vehicles shall be selected. One year after the random selection begins, and periodically thereafter, the registrar may increase or decrease the number of vehicles selected.

"(E) The registrar shall prescribe the method to be used to assure random selection. The method

Adm. Code 4501:1-2-08 governs the random selection suspension procedure, and states, in relevant part:

{¶ 4} "(A) The registrar of motor vehicles shall send a written notice by regular mail to the owner of each vehicle randomly selected in accordance with rule 4501:1-2-07 of the Administrative Code. The notice shall identify the vehicle selected and shall inform the owner that the owner is required to submit proof showing financial responsibility coverage was in effect with respect to the selected vehicle on the date specified by the registrar. The notice shall inform the owner of the methods and procedures for submitting proof of financial responsibility coverage and shall specify that the proof of financial responsibility shall be submitted within twenty-one days of the mailing of the notice. The notice may also contain such other information as the registrar may prescribe.

{¶ 5} "* * *

{¶ 6} "(C) If the owner of a vehicle randomly selected pursuant to rule 4501:1-2-07 of the Administrative Code, within twenty-one days of the mailing of the notice, fails to respond to the notice, fails to give acceptable evidence that the vehicle is exempt, or fails to give acceptable proof of financial responsibility, the registrar shall order the suspension of the license of the person required under division (A)(2)(a) of section 4509.101 of the Revised Code and the impoundment of the person's certificate of registration and license plates required under division (A)(2)(b) of section 4509.101 of the Revised Code, effective no less than fifty-six days after the date of the mailing of notice of suspension. The notice of suspension also shall notify the person that the person must present the registrar with proof of financial responsibility, submit evidence acceptable to the registrar showing that the vehicle is exempt, or surrender to the registrar the person's certificate of registration, license plates, and license. The notice of suspension shall be in writing and shall be sent to the person at the person's last known address as shown on the records of the bureau of motor vehicles. The person, within twenty-one days after the date of the mailing of the notice of suspension, shall present

_____

may employ the use of a computer program or any other reasonable method the registrar determines will assure a fair and representative random selection.

"(F) The registrar may determine that certain vehicles shall be exempt from the random selection process. Vehicles which may be exempted may include, but are not limited to: * * *."

proof of financial responsibility, or submit evidence showing that the vehicle is exempt, together with any other information the person considers appropriate.

{¶ 7} "(D) If the registrar does not receive proof, or the person does not give acceptable evidence that the vehicle is exempt in accordance with this rule, within twenty-one days, the registrar shall send a second notice of suspension to the person by certified mail return receipt requested. If the first notice of suspension is returned as not deliverable, the registrar shall make reasonable efforts to determine if the owner's address has changed before sending the second notice of suspension. The second notice of suspension shall contain the most recent address for the person as determined by the registrar, the same or similar information, and the same suspension date as the original notice of suspension unless the registrar determines that a different suspension date is necessary to give the person adequate notice. The second notice of suspension shall give the person an additional period of no less than fourteen days in which to present the registrar with proof of financial responsibility, or submit evidence acceptable to the registrar showing that the vehicle is exempt, together with any other information the person considers appropriate.

{¶ 8} "(E) If the registrar does not receive acceptable proof and the person does not give acceptable evidence that the vehicle is exempt in accordance with this rule, the person shall surrender the certificate of registration, license plates, and license to the registrar no later than the date of suspension and the registrar shall permit the order of the suspension of the license of the person and the impoundment of the person's certificate of registration and license plates to take effect.

{¶ 9} "(F) In the case of a person who presents, within the periods specified in this rule, documents to show proof of financial responsibility, the registrar shall terminate the order of suspension and the impoundment of the registration and license plates required under division (A)(2)(b) of section 4509.101 of the Revised Code and shall send written notification to the person, at the person's last known address as shown on the records of the bureau."

{¶ 10} According to defendant, plaintiff did not respond to the first notice. Defendant stated its agent mailed plaintiff a second notice on July 7, 2010, (copy submitted) notifying plaintiff her driving and vehicle registration privileges would be

suspended beginning on August 31, 2010. Plaintiff was afforded a twenty-one day period to submit proof of financial responsibility. Defendant related plaintiff again failed to respond. Thus, on August 6, 2010, BMV, through its agent, sent plaintiff a second notice of suspension (copy submitted) notifying plaintiff her driving and registration privileges "will be suspended" starting August 31, 2010. This notice was sent by certified mail, return receipt requested, and plaintiff signed the certified mail receipt (copy submitted) on August 7, 2010. The notice also granted plaintiff a final twenty-one day period to provide proof of financial responsibility and directed plaintiff to mail such proof to BMV at a post office box address in Columbus Ohio.

{¶ 11} Defendant acknowledged plaintiff mailed her insurance information (copy of envelope postmarked August 26, 2010 submitted) to an agent of BMV at a post office address in Richfield, Ohio. Defendant asserted the mailing apparently was then forwarded to the Columbus location. Defendant acknowledged the following: "BMV did not receive and process this mailing until September 21, 2010." According to defendant, "the address Plaintiff used was the mailing address for [defendant's] processing agent, RMS, a private contractor providing mailing services for BMV pursuant to O.A.C. 4501:1-2-08(K)."[3] Defendant explained that normally, "RMS would have electronically entered Plaintiff's insurance in Defendant BMV's records on the next business day after it was received by RMS. However, at the time in question, BMV was transitioning from RMS as its processing agent, to a new processing agent, PASCO, of Hudson, Ohio. At that time, RMS was forwarding mail received by it at the Richfield address to BMV at its Columbus address. Defendant BMV admits that this temporary mail forwarding process may have delayed BMV's processing of Plaintiff's August 26, 2010, proof of insurance mailing. Nevertheless, Defendant BMV asserts that Plaintiff's own negligence was the proximate cause of Plaintiff's claimed damages."

{¶ 12} Plaintiff did not file a response.

{¶ 13} Defendant apparently suspended plaintiff's driver's license for failure to prove financial responsibility and that suspension was in effect on September 10, 2010,

---

[3] (K) In carrying out his duties under this rule, the registrar may contract with outside sources to process any information, send and receive any notices, and take any actions on behalf of the registrar as the registrar may prescribe.

when plaintiff received a citation from a police officer. Defendant admitted it removed the suspension on September 12, 2010, after plaintiff personally appeared at a BMV location in Columbus, Ohio and provided proof of financial responsibility.

{¶ 14} After reviewing all the information contained in defendant's investigation report, the court finds defendant's assertions are not particularly persuasive. The court finds that in all likelihood, the address for RMS which was used by plaintiff was listed on the original notice mailed to plaintiff on June 4, 2010. In addition, the court finds that defendant has failed to prove it did not receive plaintiff's submission verifying financial responsibility within the requisite time period. "'Notice to an agent of [a corporation] entrusted with the management of its business is notice to the corporation in transactions conducted by such agent acting for the corporation, in the scope of his authority, whether the knowledge of the agent was acquired in the course of the particular dealing or on some prior occasion." *First Nat'l Bank v. Burns* (1913), 88 Ohio St. 434, 444, 103 N.E. 93, quoting *Craige et al. v. Hadley* (1885), 99 N. Y. 131, 1 N.E. 537. Likewise, the court finds that notice to BMV's agent constitutes notice to BMV. See *Garcia v. Bureau of Motor Vehicles* (2001), 2001-01515-AD. Defendant has failed to prove plaintiff did not submit proof of financial responsibility within the required time set forth in the final notice received by plaintiff on August 7, 2010. Accordingly, the court finds defendant's action in suspending plaintiff's driver's license was misguided, erroneous, and unfounded.

{¶ 15} Plaintiff has indicated she had no knowledge her license had been suspended until September 10, 2010, when she was stopped and issued a citation. Plaintiff professed the erroneous suspension notice caused her suffering and inconvenience with her employer, and that without her license she has difficulty making purchases which require proof of age or other forms of identification. Additionally, plaintiff offered substantial proof of her damages claimed with the exception of her travel expenses. Specifically, plaintiff provided documentation of her hourly wage, hours missed to attend court, and the amount paid for court costs. Since plaintiff's license was suspended and she was issued a citation, she obviously was forced to lose a day's wages in order to clear her license suspension. Finally, plaintiff has presented a situation where it is readily discernible that she suffered mental anxiety and humiliation

from the events of September 10, 2010, and its aftermath.

CONCLUSIONS OF LAW

{¶ 16} Resulting damages may be recovered when a plaintiff proves, by a preponderance of the evidence, her driver's license was erroneously listed as suspended by defendant. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. These damages must directly flow from defendant's failure to convey accurate information. *Henighan v. Ohio Dept. of Public Safety* (1997), 97-01619-AD; *Jordan v. Bureau of Motor Vehicles* (1998), 97-10341-AD.

{¶ 17} Plaintiff has proven, by a preponderance of the evidence, that her driver's license was improperly listed as suspended by defendant. *McGee v. Ohio Bureau of Motor Vehicles* (1997), 97-03999-AD. Defendant is liable to plaintiff for damages plaintiff can prove resulted from defendant's failure to provide correct information. *Partlow v. Bureau of Motor Vehicles* (1997), 97-07820-AD. In the instant claim, plaintiff has proven her work loss resulted from negligence attributable to defendant.

{¶ 18} Emotional distress, embarrassment and humiliation are recognized elements of damages and, thus, compensable by this court. *Ankney*. The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E.2d 462. Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. *Brewer v. Brothers* (1992), 82 Ohio App. 3d 148, 611 N.E.2d 492. Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E.2d 31. Defendant is liable to plaintiff for her work loss, court costs, and emotional distress, which the trier of fact has calculated at $360.00. Defendant is also liable to plaintiff for the $25.00 filing fee, pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E.2d 990. *Bumpus v. Bur. of Motor Vehicles*, Ct. of Cl. No. 2004-01117-AD, 2004-Ohio-4589.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAWANNA M. ALLEN

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2010-10793-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $385.00, which includes the filing fee. Court costs are assessed against defendant.

                           DANIEL R. BORCHERT
                           Deputy Clerk

Entry cc:

Dawanna M. Allen          John R. Guldin
2120 Pepper Street        Department of Public Safety
Columbus, Ohio 43219     Legal Services
                         1970 West Broad Street

P.O. Box 182081
Columbus, Ohio  43218-2081

SJM/laa
3/30
Filed 4/21/11
Sent to S.C. reporter 8/5/11