[Cite as *Smith v. Bur. of Motor Vehicles*, 2012-Ohio-3243.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAMELA D. SMITH

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2012-01295-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶1} On January 5, 2012, at approximately 6:30 p.m., plaintiff, Pamela Smith, was stopped and detained by two Findlay, Ohio police officers. According to plaintiff, she was stopped for driving with her parking lights on. The officers apparently checked plaintiff's driver's license status and communicated to her that it was listed by defendant, Bureau of Motor Vehicles (BMV), as suspended. Incident to the traffic stop, plaintiff's driver's license and registration were seized and her car was impounded. Plaintiff asserted the suspension was in error and she was able to have the suspension cleared the next day. Although her car was subsequently released, plaintiff asserted that she missed a day of work and "had to hire someone" to drive her to various locations to retrieve her license and her vehicle. Plaintiff filed this complaint seeking to recover $373.00, for work loss, towing and impound fees, and costs incurred to hire a driver for one day. The $25.00 filing fee was paid.

{¶2} Defendant filed an investigation report denying liability and pointing out that plaintiff did not provide any receipts or pay stubs to document her damages.

Defendant explained that when plaintiff applied for an Ohio driver's license at the deputy registrar's office, the deputy registrar learned that plaintiff's Tennessee driver's license was under suspension. Consequently, plaintiff was prevented from obtaining an Ohio driver's license. According to defendant, a report was then automatically generated to notify BMV of the Tennessee suspension and, based upon this report, BMV "sent Plaintiff a September 15, 2010 notice stating her Ohio driving privileges would be cancelled because of the license suspension in Tennessee." Defendant acknowledged that plaintiff's Tennessee suspension was lifted on September 23, 2010, and that on September 25, 2010, a deputy registrar issued plaintiff an Ohio driver's license.

{¶3} Defendant maintained that BMV was not notified that the Tennessee suspension had been lifted and that therefore BMV was not negligent for continuing to list plaintiff's license as suspended. According to BMV, either plaintiff or the state of Tennessee was responsible for notifying BMV that plaintiff's suspension had been cleared. Defendant also pointed out that BMV "corrected its records once Plaintiff brought the issue to its attention." Defendant submitted a copy of the notice of cancellation sent to plaintiff on September 15, 2010.

{¶4} Plaintiff filed a response asserting that she never received the September 15, 2010 notice of suspension. In addition, plaintiff described the actions she had to take to retrieve her vehicle and license which required the assistance of another driver to accomplish. Plaintiff submitted a receipt for $94.79 she paid in towing and impound fees as well as a receipt showing she paid $75.00 to D. Curlis for taxi services.

{¶5} Defendant apparently suspended plaintiff's driver's license because the suspension in Tennessee was in effect on September 4, 2010, when plaintiff applied for an Ohio driver's license. Defendant admitted it removed the suspension on January 6, 2012, after plaintiff called and notified BMV of the error.

{¶6} After reviewing all the information contained in defendant's investigation report, the court finds defendant's argument is not well-taken. "'Notice to an agent of [a corporation] entrusted with the management of its business is notice to the corporation in transactions conducted by such agent acting for the corporation, in the scope of his authority, whether the knowledge of the agent was acquired in the course of the particular dealing or on some prior occasion.'" *First Nat'l Bank v. Burns* (1913), 88 Ohio St. 434, 444, 103 N.E. 93, quoting *Craige et al. v. Hadley* (1885), 99 N. Y. 131, 1 N.E.

537.  Indeed, "'[i]t is the rule, that the knowledge of the agent is the knowledge of his principal, and notice to the agent of the existence of material facts is notice thereof to the principal, who is taken to know everything about a transaction which his agent in it knows.'" *First Nat'l Bank* quoting *Holden v. New York & Erie Bank*, 72 N. Y. 286.

{¶7}   Likewise, the court finds that notice to BMV's agent constitutes notice to BMV. See *Garcia v. Bureau of Motor Vehicles* (2001), 2001-01515-AD, *Allen v. Bureau of Motor Vehicles*, 2010-10793-AD, 2011-Ohio-3855.

{¶8}   The trier of facts finds that defendant has failed to prove it properly recorded plaintiff's driver's license status after plaintiff received an Ohio driver's license from a deputy registrar on September 25, 2010.  Accordingly, the court finds defendant is liable to plaintiff as a result of defendant's improper and erroneous record keeping.

{¶9}   Plaintiff has indicated she had no knowledge her license had been suspended until January 5, 2012, when she was stopped and her vehicle was impounded.  Plaintiff professed the erroneous suspension notice caused her to miss work and to incur out of pocket expense as a result.  Plaintiff offered sufficient proof of her damages claimed with the exception of her work loss.  Specifically, plaintiff provided documentation of the amounts paid for towing and impound fees as well as the cost to hire a driver for one day.  Since plaintiff's license and registration were taken by police officers, and her car was impounded, she obviously was forced to find substitute transportation in order to regain her property.

CONCLUSIONS OF LAW

{¶10} Resulting damages may be recovered when a plaintiff proves, by a preponderance of the evidence, her driver's license was erroneously listed as suspended by defendant.  *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. These damages must directly flow from defendant's failure to convey accurate information. *Henighan v. Ohio Dept. of Public Safety* (1997), 97-01619-AD; *Jordan v. Bureau of Motor Vehicles* (1998), 97-10341-AD.

{¶11} Plaintiff has proven, by a preponderance of the evidence, that her driver's license was improperly listed as suspended by defendant.  *McGee v. Ohio Bureau of Motor Vehicles* (1997), 97-03999-AD.  Defendant is liable to plaintiff for damages plaintiff can prove resulted from defendant's failure to provide correct information.

*Partlow v. Bureau of Motor Vehicles* (1997), 97-07820-AD. In the instant claim, plaintiff has proven her financial loss resulted from negligence attributable to defendant.

{¶12} The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E.2d 462. Where the existence of damage is established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. *Brewer v. Brothers* (1992), 82 Ohio App. 3d 148, 611 N.E.2d 492. Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E.2d 31. Defendant is liable to plaintiff for her towing and impound fees as well as the cost to hire a driver for one day which totals $169.79. *Bumpus v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2004-01117-AD, 2004-Ohio-4589. Defendant is also liable to plaintiff for the $25.00 filing fee, pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E.2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAMELA D. SMITH

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2012-01295-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $194.79, which includes the filing fee. Court costs are assessed against defendant.

                         DANIEL R. BORCHERT
                         Deputy Clerk

Entry cc:

Pamela D. Smith
110 19th Street
Findlay, Ohio 45840

Winston M. Ford
Ohio Department of Public Safety
1970 West Broad Street,
Suite 531
Columbus, Ohio 43223

011
Filed 4/5/12
sent to S.C. Reporter 7/18/12